HENRY F. MICHELL CO. *vs.* PAUL H. FITZGERALD & another.

Middlesex.   October 31, 1967. — November 30, 1967.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Fraud. Corporation*, Officers and agents, Fraud.

In the circumstances, where a worthless corporation was formed to defraud merchandise creditors, one of such creditors was entitled in equity to a decree establishing indebtedness of a director of the corporation to the plaintiff under G. L. c. 156, §§ 15, 16, 36, although previously a consent decree had been entered dismissing the bill as against the corporation.

BILL IN EQUITY filed in the Superior Court on April 10, 1961.

The suit was heard by *Voke*, J., on a master's report.

*Donald E. Carey* for the defendant Fitzgerald submitted a brief.

No argument or brief for the plaintiff.

WILKINS, C.J.   This bill in equity by the plaintiff wholesale dealer in horticultural products seeks (1) a determination of the indebtedness to it of the defendants Johanna M. Borowski, Robert H. Borowski, and Borowski's Inc. as owners of a retail flower business; (2) a determination of "the statutory liability" to the plaintiff of Johanna, Robert, and the defendants Sidney M. Bond and Paul H. Fitzgerald, as officers, stockholders, and directors of Borowski's Inc.; and (3) a declaration that the execution of a deed of trust from Johanna to Bond and the incorporation of Borowski's Inc. were part of a scheme to defraud, hinder, and delay creditors of that corporation, and that "the assets of both of them" are in fact the assets of Johanna.

The case was referred to a master, who filed his report on November 22, 1961.   On December 20, 1961, a decree, entered by consent of counsel for the plaintiff and counsel for the defendants Johanna, Borowski's Inc. and Robert, dismissed the bill "with prejudice and without costs" in so

far as it was concerned with, among others, Johanna, Borowski's Inc., and Robert.

On September 28, 1962, the master's report was confirmed by an interlocutory decree, which recited that as a decree had been entered dismissing the bill as against the defendants Johanna, Borowski's Inc., and Robert, who were the only parties whose objections were appended to the report, no action was taken on the objections, and that the report was confirmed.

Also on September 28, 1962, a final decree was entered, from which the defendant Fitzgerald alone appealed, and which declared (1) that the defendants Bond and Fitzgerald were jointly and severally indebted to the plaintiff in the amount of $11,539.77 with interest; and (2) that in all other respects the bill of complaint was dismissed.

These facts are from the master's report. Robert was engaged in the retail selling of plants and other horticultural products at 714–720 Neponset Street, Norwood, under the name of Robert H. Borowski Company. Ernest Borowski, his father, had raised plants and conducted a similar business at the same premises for many years prior to his death in 1957. By his will Ernest left his entire estate, including this business and the Neponset Street real estate, to Johanna, his widow. Robert leased the business from his father and, after the father's death, from his mother but not by any formal lease from either.

The plaintiff, for goods sold and delivered, is a creditor of Borowski's Inc., which was incorporated on August 5, 1958. Between September 25, 1957, and the date of incorporation the plaintiff's sales were charged to "Borowski Greenhouse" and "Robert Borowski Company," its unincorporated predecessors. Between October 9, 1958, and December 17, 1959, the plaintiff's deliveries were charged to the new corporation.

The articles of organization of Borowski's Inc. were executed following an incorporation meeting on August 5, 1958, attended by Johanna, Robert, Bond, and Fitzgerald, and were filed with the Department of Corporations and Taxa-

tion.  G. L. c. 156, § 10.  The officers were Johanna, president;  Robert, vice-president;  Bond, treasurer;  and Fitzgerald, clerk.  All of them were directors.  It was stated in the articles that the capital stock was to be paid for in property, of which $22,500 was personal and $45,000 was the real estate on Neponset Avenue.  The entire capital stock issued consisted of twenty shares of no par value, all issued to Johanna.  She gave consideration for such shares as were represented as paid in personal property, but there was no consideration for the shares represented as paid in real estate.  That part of the statement was false, and each of the officers and directors knew it was false.  Each of them knew that there never was any intention of conveying the real estate to the corporation.  In fact Johanna, immediately after the incorporation meeting on August 5, 1958, conveyed the real estate to Bond by a deed of trust for her own benefit.

The conclusions of the master's report are these.  (1) Borowski's Inc. and the deed of trust were set up by Johanna solely as a cover for Johanna and her property from the just claims of the plaintiff and other merchandise creditors.  (2) The plaintiff is owed by Johanna the sum of $11,539.77 with interest from July 1, 1960.  (3) The plaintiff is owed the same amount by Borowski's Inc.  (4) Under certain quoted provisions of G. L. c. 156, §§ 15, 16, 36, the plaintiff is owed the same amount by the defendants Bond, Robert, and Fitzgerald.  (5) All the net assets held under the deed of trust of August 5, 1958, "are in fact net assets" of Johanna.  (6) All the net assets of Borowski's Inc. "are in fact net assets" of Johanna.

The portions of G. L. c. 156 quoted by the master are three.  "Capital stock may be issued for cash, at not less than par, if the shares have par value, and may be issued for property, tangible or intangible, or for services or expenses."  § 15.  "No stock shall be at any time issued unless the cash, so far as due, or the property, services or expenses for which it was authorized to be issued, has been actually received or incurred by, or conveyed or rendered

to, the corporation, or is in its possession as surplus; . . . and the president, treasurer and directors shall be jointly and severally liable to any stockholder of the corporation for actual damages caused to him by such issue." § 16. "The president, treasurer and directors of every corporation shall be jointly and severally liable for all the debts and contracts of the corporation contracted or entered into while they are officers thereof if any stock is issued in violation of section fifteen, sixteen, forty-six B or forty-six D, or if any statement or report required by this chapter is made by them which is false in any material representation and which they know to be false." § 36.

The defendant Fitzgerald contends that his liability is secondary only, and depends upon the existence of the primary obligation of the corporation. See *E. S. Parks Shellac Co.* v. *Harris*, 237 Mass. 312, 319; *Continental Corp.* v. *Gowdy*, 283 Mass. 204, 210. He points to the final decree entered on September 28, 1962, wherein he and Bond were adjudged indebted to the plaintiff, and the bill of complaint was otherwise dismissed. This was the same date as an earlier interlocutory decree confirming the master's report, and containing a recital that whereas a decree had been entered dismissing the bill against Borowski's Inc. and all others who had filed objections to the master's report, no action was taken on the objections. The earlier decree was allowed by consent, with prejudice and without costs, on December 20, 1961, soon after the filing of the master's report. That report plainly showed that Borowski's Inc. had no assets, a fact of which all the parties must have been aware, and that the defendant Fitzgerald was liable to the plaintiff in the sum of $11,539.77 with interest.

Upon analysis, the defendant Fitzgerald's contention means that the idle gesture of entering a decree against the worthless corporation is a condition precedent to enforcement of his statutory liability as a director. The contention, moreover, is advanced in equity, where the governing consideration must be substance and intent and not form. See

*Montuori* v. *Bailen*, 290 Mass. 72, 76. It cannot be thought that after the finding against the defendant Fitzgerald the plaintiff by consenting to the decree of December 20, 1961, dismissing the bill against Borowski's Inc. and other defendants thereby intended to release the defendant Fitzgerald. See Prosser, Torts (3d ed.) § 46, p. 272. The parties' consent was in substance a stipulation. We do not rely upon our power to vacate a stipulation deemed improvident or not conducive to justice (see *Loring* v. *Mercier*, 318 Mass. 599, 601), because the corporation was formed to defraud the plaintiff and other merchandise creditors. The directors used the corporation to achieve an illegal purpose. See *Browne* v. *Brockton Natl. Bank*, 305 Mass. 521, 530. In the circumstances, the defrauded plaintiff may look directly to the individual directors.

> *Final decree affirmed with costs of appeal.*