OPINION OF THE COURT
Sidney H. Asch, J.
The above-entitled action was tried pursuant to stipulation. Essentially, there is no dispute about the facts.
The plaintiffs in this action are trustees of five jointly managed trust funds created pursuant to the Taft-Hartley Act (US Code, tit 29, § 141 et seq.). The defendant, Rubin Zimmerman, is the president and majority shareholder of a defunct corporation known as Clay Partitions, Inc. Clay was a member *415 of the Metropolitan New York Drywall Contractors Association, Inc., and as such was bound to the terms and conditions of collective bargaining agreements with the New York City District Council of Carpenters for the period from July 1, 1969 through June 30, 1975.
Pursuant to those agreements, Clay agreed to make specific fringe benefit contributions to the plaintiffs herein. For the period January 1, 1972 through March 30, 1973, Clay failed to pay substantial amounts of the required fringe benefit contributions in excess of $40,000. This delinquency was not detectable until a subsequent audit because the employer systematically "unreported” its payroll.
A suit was commenced against Clay with Rubin Zimmerman and pursuant to stipulation, Clay has confessed judgment for nonpayment of the afore-mentioned contributions in the amount of $50,000. Clay is defunct and has been without assets for almost four years. The sole issue to be determined by the court is the personal liability pursuant to section 198-c of the New York State Labor Law, of Rubin Zimmerman, the president of Clay, for the afore-mentioned unpaid fringe benefit contributions.
The public policy of the State of New York to assure workingmen payment of wages and fringe benefits is incorporated into section 198-c of the New York State Labor Law. This section provides that, in addition to any other penalty, an employer who fails to pay fringe benefits pursuant to a labor agreement within 30 days after they are due, shall be guilty of a misdemeanor. The statute provides that where the employer is a corporation, the president, secretary, treasurer, or officers exercising corresponding functions are each guilty of the misdemeanor. Pursuant to the statute, the coverage specifically includes fringe benefit funds.
The defendant, Zimmerman, was an officer of a corporation which failed to pay fringe benefits as required by the collective bargaining agreement through the period the money became owing. More than 30 days have elapsed since such accrual and the amounts remain unpaid.
As a general rule, a private right of action is implied from statutes which on their face provide penal sanctions.
This theory has been substantiated in Bell v Hood (327 US 678), Case Co. v Borak (377 US 426), Barnes v Peat, Marwick, Mitchell & Co. (69 Misc 2d 1068) and Fischman v Raytheon Mfg. Co. (188 F2d 783).
*416 In the case of General Teleradio v Manuti (284 App Div 400), a radio broadcasting company brought an action to obtain an injunction to restrain picketing by a union allegedly carried on in violation of a penal statute known as the Lea Act (US Code, tit 47, § 506, subd [a], pars [1], [4]; subd [b], pars [1], [2]). The Appellate Division, First Department, stated (p 404): "The rule is well settled that where a criminal or penal statute imposes a duty but furnishes no civil remedy to the protected class, a breach of that duty gives rise to a cause of action in favor of the latter class.”
The concept of imposing civil liability on the basis of a penal statute has also been recognized by the United States District Court for the Southern District of New York. (See Brennan v Emerald Renovators, 410 F Supp 1057, 1060.) Thus, the right to maintain a civil action based upon a criminal statute has been repeatedly upheld and is deemed a right to the damaged party sought to be protected by this statute.
In the instant case, section 198-c was created for the protection of workingmen to guarantee that they will be paid their wages and fringe benefit contributions. The plaintiffs, as trustees, on behalf of such workingmen, have a civil cause of action based upon the criminal statute.
The plaintiffs are awarded judgment against the defendant, Rubin Zimmerman, pursuant to section 198-c of the New York State Labor Law in the amount of $50,000.