OPINION OF THE COURT
Louis Grossman, J.
Motion by plaintiffs for an order confirming the report of the referee, and dismissing the motion of defendant, Charles C. Vanderbilt ("Vanderbilt”), to vacate the default judgment entered against him on the grounds that he was never properly served with the summons in this action, and also, that section 198-c of the Labor Law does not provide for personal civil liability of a corporate officer for moneys owed by the corporation, and therefore, there is no merit to this action.
Vanderbilt’s contention that he was never served with the summons herein goes against the weight of the evidence presented at the hearing held on that issue by the referee. Proper service of the summons was made upon Vanderbilt, by service of process upon a person of suitable age and discretion, *1053 Le., an employee of Vanderbilt, at defendant’s actual place of business and by mailing the papers to his last known residence address, pursuant to CPLR 308 (subd 2). No more than this was required to be performed by the process server. As such, the statute was satisfied and service completed.
Vanderbilt claims that section 198-c of the Labor Law of the State of New York does not afford a party the right to impose a civil penalty against a corporate officer for the failure of a corporation to make payments of funds into employees’ welfare and benefit funds and that this is a meritorious defense to the within action. Although a reading of section 198-c of the Labor Law seems to indicate that the failure of a corporation to contribute payments to such funds within 30 days after they were required to be made only makes its corporate officers guilty of a misdemeanor, the courts have not so limited the scope of the statute.
The purpose of section 198-c of the Labor Law was to protect the rights of workers to an employer’s contribution to wages and benefit funds by placing the responsibility for corporate compliance under the statute upon its officers in that liability might be incurred by them for the corporation’s failure to pay. (People v Trapp, 20 NY2d 613.) This includes civil liability, as well as the criminal liability specified in the statute, since a private right of action is implied from a statute which on its face provides only penal sanctions.
In Johnson v Clay Partition Co. (93 Misc 2d 414, affd 65 AD2d 737), Justice Asch agreed that civil liability is imputed on the basis of criminal penalties, stating (pp 415-416):
"This theory has been substantiated in Bell v Hood (327 US 678), Case Co. v Borak (377 US 426), Barnes v Peat, Marwich, Mitchell & Co. (69 Misc 2d 1068) and Fishman v Raytheon Mfg. Co. (188 F2d 783).
"In the case of General Teleradio v Manuti (284 App Div 400) * * * [t]he Appellate Division, First Department, stated (p 404): 'The rule is well settled that where a criminal or penal statute imposes a duty but furnishes no civil remedy to the protected class, a breach of that duty gives rise to a cause of action in favor of the latter class.’ ”
Such is the case herein. Section 198-c of the Labor Law was enacted for the benefit of workers in that it seeks to guarantee corporate contribution to wages and benefit funds. As a result, a corporate officer, such as the defendant Vanderbilt, is civilly liable for the damages to the protected class resulting from *1054 nonpayment of the amounts due to the plaintiff funds in this action.
Accordingly, plaintiffs’ motion to confirm the report of the referee filed herein and dismissing the motion of defendant, Charles C. Vanderbilt, to vacate the default judgment entered against him herein, is granted.