(607 P.2d 78)

No. 50,501

STATE OF KANSAS, *ex rel.,* JAMES A. MCCAIN, SECRETARY, KANSAS DEPARTMENT OF HUMAN RESOURCES, *Appellant,* v. BILL ERDMAN AND LEE BARNETT ENTERPRISES, INC., *Appellee.*

Opinion filed February 22, 1980.

*Reid Stacey* and *Tom L. Green,* Assistant Attorneys General, *Bruce E. Miller,* Deputy Attorney General, and *Robert T. Stephan,* Attorney General, for the appellant.

No appearance by the appellee.

Before PARKS, P.J., ABBOTT and SWINEHART, JJ.

PARKS, J.: This is an action for recovery of unpaid wages and damages. K.S.A. 44-313 *et seq.* The Secretary of Human Resources, as assignee of the wage claimant, Harlan V. Montgomery, Jr., appeals from a judgment in its favor against the defendant corporation, Lee Barnett Enterprises, Inc., in the sum of $638.50, and against the defendant Bill Erdman in the sum of $187.00, claiming that judgment should be entered against both defendants in the sum of $638.50.

The wage claimant worked as a bartender at Jean Laffitte's Warehouse from March 1976 until the business closed on August 3, 1976. The night club was owned by Lee Barnett Enterprises, Inc., and since June 15 Bill Erdman was the sole stockholder and officer of that corporation. Montgomery was given a check on July 1 for wages in the amount of $67.58 but this check was dishonored for insufficient funds. He was assured by the club manager

that it was a mistake and that he would be paid. Montgomery received a second paycheck for $64.67 on July 16, but when he tried to cash both checks the bank would not honor them. Montgomery contacted Erdman several times and each time was reassured that there should be no problem in cashing the checks and he would look into it. On the day the business was closed, Montgomery again inquired about his wages and Erdman said to contact him the following Monday and they should have his money. Sometime after August 4, Erdman informed Montgomery that the two checks previously issued would not be honored and no other wages would be paid for the period after July 16.

Montgomery assigned his claim pursuant to K.S.A. 44-324 to the Secretary of Human Resources, who sought the back wages and damages equal to the unpaid wages as provided by K.S.A. 1979 Supp. 44-315(*b*). The plaintiff's claim may be summarized in the following manner:

Unpaid Wages:

| | |
|---|---|
| first bad check | $ 67.58 |
| second bad check | 64.67 |
| 68 hrs. at $2.75 | 187.00 |
| | $319.25 wages due |
| Damages: | 319.25 |
| | $638.50 total claim |

The trial court made the following findings in a letter opinion:

"The Court finds that Defendant Erdman was the sole stockholder director and officer of the corporation. The Court finds that he had exclusive responsibility for the disbursement of funds. The Court finds that the Defendant Erdman did issue checks payable to Vic Montgomery which were insufficient. The Court further finds that the Defendant Erdman did make representation to the said Vic Montgomery that the checks would clear when he was called on the telephone. The Court further finds that as a result of said representation that Vic Montgomery did continue to work for the corporation. *The Court further finds that Defendant Erdman is personally liable for said checks the reason being that it was he who personally conveyed that information to Mr. Montgomery when he in fact knew that the same was not true. Therefore, the Court finds that the corporation is indebted to Mr. Montgomery in the amount of $638.50.* However; the Court finds Defendant Erdman wrote the checks as a corporation officer and that the penalty provision will not extend to him, however, when he made false representation to Mr. Montgomery, this was a personal representation and the Court is satisfied that he is responsible for the two checks as well as the last week's work." (Emphasis supplied.)

Under K.S.A. 1979 Supp. 44-315(*b*), the authorized damages

may be collected only if the *employer* knowingly or willfully fails to pay the wages due. This issue is generally a question to be determined by the trier of fact (*Holder v. Kansas Steel Built, Inc.,* 224 Kan. 406, 411, 582 P.2d 244 [1978]), and such a finding will not be disturbed so long as it is supported by substantial competent evidence. Here there was evidence that Erdman, acting for the corporation, signed the checks issued to pay Montgomery and knew they were returned for insufficient funds. Erdman also knew that Montgomery had not been paid by any other means, but assured him his wages would be forthcoming. Finally, Erdman told Montgomery that he would not be paid and the checks would not be honored although he had previously acknowledged the debt for wages. We find that the evidence was sufficient to support a finding by the Court that the employer knowingly failed to pay the wages and that the employer willfully violated the act.

In its conclusions of law the Court said:

"It can be stated as a rule of law that the corporation officer is not liable for the debts of the corporation. It is further stated that as a matter of law that as a corporation officer makes a false representation then personal liability of said officer occurs. The penalty does not go to the officer individually since the benefit of the work did go to the corporation and the corporation is bound by all the laws of the State of Kansas for the work performed."

We disagree with the Court's holding that the officer of the corporation cannot be individually liable for the penalty. K.S.A. 44-323(*b*) states:

"(*b*) In case of violation of section 2 [44-314] or section 3 [44-315] of this act by a corporate employer, either the corporation or any officer thereof or any agent having the management of the corporation who knowingly permits the corporation to engage in such violation shall be deemed the employer for purposes of this act."

It is obvious in reading this statute that *either* the corporation or an officer who knowingly permits the corporation to violate the act shall be deemed the employer. Furthermore, K.S.A. 1979 Supp. 44-315(*b*) provides that such *employer* shall be liable for the payment of the wages due and additionally for damages. Because of this special statute (K.S.A. 44-323[*b*]), the general rule pertaining to a corporate officer's liability for the debts of a corporation is not applicable.

Since it was Erdman's conduct which the trial court relied upon to hold the corporation indebted to Mr. Montgomery in the

amount of $638.50, it stands to reason that Erdman knowingly permitted the corporation to violate the act. Therefore, we hold that the trial court erred when it did not find that Erdman was the employer for the purposes of this claim and as such was liable for the unpaid wages and damages.

In view of our decision that Erdman should be deemed the employer in this case, it is not necessary for us to consider the point raised by appellant that the trial court erred in calculating the amount of personal liability of Erdman.

Judgment is reversed and the case remanded to the trial court with directions to enter judgment against defendant Bill Erdman for the total claim of $638.50.