297 S.E.2d 866

**Cecil MULLINS, et al.**

v.

**James T. VENABLE.**

No. 15557–A.

Supreme Court of Appeals of
West Virginia.

Nov. 18, 1982.

Bradley J. Pyles, Crandall, Pyles & Crandall, Logan, for appellants.

William W. Pepper, Charleston, for appellee.

McGRAW, Justice:

This is an appeal from an order of the Circuit Court of Boone County granting the appellee's motion to dismiss the appellants' complaint for failure to state a cause of action. The complaint was filed by thirteen former employees of Venable and Billups Corporation seeking to recover wages, fringe benefits, and liquidated damages from the appellee, James T. Venable, individually, as an officer of the corporation. The sole question raised by this appeal is whether the West Virginia Wage Payment and Collection Act, W.Va.Code §§ 21–5–1 through 21–5–16 (1981 Replacement Vol.), authorizes employees of a corporation to bring suit against an officer of the corporation, individually, to recover wages, fringe benefits, and liquidated damages, where the officer knowingly permits the corporation to violate the provisions of the Act. We find that the Act does authorize such a cause of action, and reverse the order of the lower court.

The facts alleged in the appellants' complaint indicate that Venable and Billups Corporation operated an underground coal

mine at Perry Branch near Chapmanville in Logan County. The corporation ceased operations on or about January 26, 1979. At that time the appellants were owed approximately two weeks of actual wages plus various fringe benefits. The appellants were not paid on the next regular payday after Venable and Billups Corporation ceased operations, as required by W.Va. Code § 21–5–4. The complaint further alleged that the appellee was at all times pertinent to the cause of action an officer, stockholder, agent, or management personnel of Venable and Billups Corporation, who knowingly permitted the corporation to violate the provisions of the Wage Payment and Collection Act.

In response to the appellants' complaint, the appellee filed a motion to dismiss pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure, on the grounds that the facts alleged failed to state a claim upon which relief could be granted. The lower court granted the appellee's motion, ruling that the Wage Payment and Collection Act does not authorize an action against an individual officer of a corporation seeking to hold the officer personally liable for the failure of the corporation to pay its employees wages as required by the Act.

■ The West Virginia Wage Payment and Collection Act is remedial legislation designed to protect working people and assist them in the collection of compensation wrongly withheld. *Farley v. Zapta Coal Corp.*, 167 W.Va. 630, 281 S.E.2d 238 (1981). The Act requires every "person, firm or corporation" doing business in West Virginia to pay their employees wages for work or services at least once every two weeks, unless otherwise provided by special agreement. W.Va.Code § 21–5–3. Whenever an employee quits or resigns the "person, firm or corporation" must pay the employee's wages and accrued fringe benefits no later than the next regular payday. W.Va.Code § 21–5–4(c); *Farley v. Zapata Coal Corp., supra.* If the employer fails in this duty, the "person, firm or corporation" is liable, in addition to wages and benefits, for liquidated damages. W.Va.Code § 21–5–4(e).

The phrase "person, firm or corporation" is used throughout the Wage Payment and Collection Act to designate those responsible for the payment of employee wages. The terms "person" and "corporation" are left by the Act to commonly understood definitions. *See Webster's Third New International Dictionary* (1970). The broader and more ambiguous term "firm" is defined as including "any partnership, association, joint-stock company, trust, division of a corporation, the administrator or executor of the estate of a deceased individual, or the receiver, trustee, or successor of any of the same, or officer thereof, employing any person." W.Va.Code § 21–5–1(a). The term "officer" is defined as including "officers or agents in the management of a corporation or firm, who knowingly permits [*sic*] the corporation or firm to violate the provisions of this article." W.Va.Code § 21–5–1(h). That an officer of a corporation is a person is beyond controversy.

■ The appellee contends that these statutory provisions do not subject an officer of a corporation to liability for the unpaid wages of corporate employees. We disagree. Although the Wage Payment and Collection Act does not explicitly impose liability on corporate officers, it is clear from a reading of W.Va.Code § 21–5–1(h) that the Legislature intended to impose liability on officers in the management of a corporation who knowingly permit their corporation to act in violation of the provisions of the Act. The Act is comprehensive in its requirement that *all* employers, be they natural persons, associations of persons (firms), or juristic persons (corporations), must comply with its provisions. W.Va.Code § 21–5–1(h) further indicates the Legislature's recognition that corporations act through persons, and that persons must ultimately be responsible for corporate actions. *Cf. James Talcott, Inc. v. Crown Industries, Inc.*, 323 So.2d 311, 315 (Fla. App.1975) ("Corporate officers must be held for the consequence of their acts.").

This Court stated in *State ex rel. Haden v. Calco Awning and Window Corp.*, 153 W.Va. 524, 526–527, 170 S.E.2d 362 (1969):

> The position of an officer of a corporation, relative to his individual liability for the debts of the corporation, is not sacrosanct. While officers ordinarily are not held responsible for corporate debts, it is well established that where a statute so provides directors or officers may be required to account personally for certain obligations of the corporation ... and so long as the statute is afforded a fair and reasonable interpretation so as to give effect to the legislative intent as indicated by the language used, it is valid.

The language of the Wage Payment and Collection Act indicates that the Legislature intended to impose personal liability on corporate officers who knowingly permit violations of the Act. Any other interpretation of the language used by the Legislature would render W.Va.Code § 21–5–1(h) meaningless.

The Legislature's intent to subject corporate officers to personal liability under the Wage Payment and Collection Act is also evident from the provisions of W.Va.Code § 21–5–15, which imposes criminal penalties, including imprisonment, upon any "person, firm or corporation" who willfully violates the bonding provisions of the Act. This section of the Act clearly envisions personal liability on the part of corporate officers since imprisonment of the corporation, it having no body, is impossible.[1] Thus, through the Wage Payment and Collection Act it is contemplated that corporate officers may not hide behind the corporate skirt to escape liability for their unlawful mischief. We therefore hold that an officer in the management of a corporation who knowingly permits the corporation to violate the provisions of the Wage Payment and Collection Act may be held personally liable for unpaid wages, fringe benefits, and liquidated damages under W.Va.Code § 21–5–4.[2] *Cf. State ex rel. McCain v. Erdman*, 4 Kan.App.2d 375, 607 P.2d 78 (1980) (unpaid wages and additional damages may be collected from corporate officer who knowingly permits the corporation to violate the Kansas wage payment act); *Courtney v. Brooklyn & Queens Allied Oil Burner Corp.*, 112 Misc.2d 89, 446 N.Y.S.2d 157 (N.Y.City Civ.Ct.1981) (under New York Law, corporate officer is personally liable for corporation's obligations to its employees).

 The appellee further argues that before the appellants can maintain an ac-

---

1. "Did you ever expect a corporation to have a conscience, when it has no soul to be damned, and no body to be kicked?" Attributed to Lord Chancellor Edward, First Baron Thurlow (1731–1806); *quoted in* Coffee, *"No Soul To Damn: No Body To Kick": An Unscandalized Inquiry Into The Problem of Corporate Punishment*, 79 Mich. L.Rev. 386 (1981). *See also* M. King, *Public Policy and the Corporation* 1 (1977).

2. We note that the interpretation given the Act by the Commissioner of Labor, the official charged by W.Va.Code § 21–5–13 to promulgate rules and regulations to effectuate the purposes of the Wage Payment and Collection Act, is consistent with our holding. The regulations in effect at the time the appellants' cause of action arose were promulgated on June 21, 1976. Regulation 100–13 defines "employer" as "any person, *corporation*, firm, partnership, association, joint stock company, trust, division of a corporation, the administrator or executor of the estate of a deceased individual, or the receiver, trustee, or successor of any of the same, *or officer thereof*." (Emphasis added). Regulation 100–18 reiterates the definition of officer contained in W.Va.Code § 21–5–1(h). Regulation 100–15 defines the phrase "knowingly permits" as meaning "to allow with personal information or allow by virtue of a position in which the person should have known."

The imposition of civil liability for non-payment of wages on responsible corporate officers is also consistent with other legislative enactments. For example, under W.Va.Code § 61–3–39a (Cum.Supp.1982), corporate officers are held criminally liable for making, uttering or delivering bad corporate checks, including bad payroll checks. Moreover, under W.Va. Code § 61–10–20 (1977 Replacement Vol.), corporate officers may be held criminally liable for failure to pay wage supplements or to furnish fringe benefits. Corporate officers have been held civilly liable for the failure of the corporation to provide benefits and wage supplements under a similar New York statutory provision. *See Sasso v. Millbrook Enterprises, Inc.*, 108 Misc.2d 562, 438 N.Y.S.2d 59 (N.Y.Sup.Ct.1981); *see also Excavators Union Local 731 Welfare Fund v. Vanderbilt*, 100 Misc.2d 1052, 420 N.Y. S.2d 439 (N.Y.Sup.Ct.1979); *Johnson v. Clay Partition Co., Inc.*, 93 Misc.2d 414, 402 N.Y.S.2d 912 (N.Y.Sup.Ct.1977).

tion seeking to hold him personally liable for unpaid wages, fringe benefits and liquidated damages, they must first obtain a judgment against the corporate entity and show that the execution thereon has been returned unsatisfied. We find no merit in this argument. As a general rule, where the liability of corporate officers is direct and absolute, it is not necessary that a judgment be recovered against the corporation before maintenance of an action seeking to hold the officer liable. *See generally Henry F. Michell Co. v. Fitzgerald,* 353 Mass. 318, 231 N.E.2d 373 (1967); *Snyder Elec. Co. v. Fleming,* 305 N.W.2d 863 (Minn.1981); *Patterson v. Minnesota Manufacturing Co.,* 41 Minn. 84, 42 N.W. 926 (1889). Only where the liability of the officer is in the nature of a suretyship which does not attach unless payment cannot be recovered from the corporation will judgment against the corporation and the exhaustion of other remedies constitute a condition precedent to proceeding against corporate officers. *See* 19 Am.Jur.2d, *Corporations* § 1373 (1965).

■ The Wage Payment and Collection Act, however, does not create a suretyship relationship between the corporation and its officers with respect to unsatisfied wage claims. Rather, the Act places liability directly upon a corporate officer who knowingly permits the corporation to violate the Act. The Act, in effect, creates in corporate officers the persona of *quasi* -public officials who owe a duty to the public, as well as to the corporation's employees, to take care that the Wage Payment and Collection Act is enforced.

■ In this light it should be recognized that while the term *"quasi* -public corporation" is sometimes applied to otherwise private corporations which are engaged in the business of providing goods and services of a peculiarly public nature, *see, e.g., Marthens v. Baltimore & Ohio R. Co.,* 170 W.Va. 33, 289 S.E.2d 706 (1982), all corporations are public personages in that they are created and regulated by the state through legislative enactments. Corporations have only such power as is granted by the sovereign. They are artificial or juristic persons who cannot act except through their officers or agents. The Wage Payment and Collection Act recognizes that corporations do act through officers, and thus provides that officers in the management of a corporation may be held personally liable if they knowingly permit the corporation to act unlawfully.

■ The law enacted by the Legislature is consistent with the general rule that corporate officers have a duty to see that their corporation obeys the law, *see* W. Knepper, *Liability of Corporate Officers and Directors* § 1.01 (1969); 19 Am.Jur.2d, *Corporations* § 1271 (1965), and with the recent trend in American jurisdictions towards increased personal liability of corporate executives. *See generally,* Knepper, *Liability of Corporate Officers for Debts of Financially Troubled Corporations,* 81 Com.L.J. 389 (1976); McAdams and Tower, *Personal Accountability in the Corporate Sector,* 16 Am.Bus.L.J. 67 (1978); Shaneyfelt, *The Personal Liability Maze of Corporate Directors and Officers,* 58 Neb.L. Rev. 692 (1979). *See also* Ill.Ann.Stat. ch. 48, § 39m–13 (Smith-Hurd Supp.1982) Kan. Stat.Ann. § 44–323(b) (1981); Nev.Rev. Stat. § 608.010 (1979); N.M.Stat.Ann. § 50–4–1A (1978); S.C.Code Ann. § 41–11–110(1) (Law. Co-op. Supp.1981).

■ In this case the Legislature has placed upon officers in the management of a corporation the duty to see that the Wage Payment and Collection Act is enforced. This duty is founded on a specific statutory requirement designed to further an important public policy. This public policy requires employers to pay the wages of working people who labor on their employer's behalf. Wages have traditionally been afforded special protection under the law, in recognition of the fact that working people depend on wages to furnish the basic necessities of life to themselves and their families. *See Farley v. Zapata Coal Corp., supra; Atkins v. Grey Eagle Coal Co.,* 76 W.Va. 27, 84 S.E. 906 (1915). Thus, an officer in the management of a corporation who knowingly permits the corporation to evade its responsibility to pay wages is held primarily liable under the Wage Payment and Collection Act for his breach of

this *quasi*-public duty. We therefore conclude that corporate employees are not required to obtain an unsatisfied judgment against the corporation before they proceed against a corporate officer who has knowingly permitted the corporation to violate the provisions of the Wage Payment and Collection Act.

 The appellee further argues that the appellants should be required to exhaust their remedies against the firm which contracted with Venable and Billups Corporation to do the actual mining before proceeding against the appellee.[3] We reject this argument. While under the terms of W.Va.Code § 21–5–7 a prime contractor may be held liable for wages which its subcontractor fails to pay, there is no requirement in the Act that the employees must proceed against the prime contractor prior to proceeding against a corporate officer who has knowingly permitted the corporation to violate the Wage Payment and Collection Act. On the contrary, W.Va. Code § 21–5–7 specifically provides that before an employee may proceed against the prime contractor he must exhaust all other feasible remedies under the Act. *See Farley v. Zapata Coal Corp., supra.*

 Finally, the appellee argues that the Wage Payment and Collection Act is unconstitutional as sought to be applied by the appellants, in that it effects a taking of the appellee's property without due process of law. The appellee asserts that the firms which contracted with Venable and Billups to do the mining failed to provide a sufficient payroll so that he could pay the appellants their wages. He contends that under these circumstances, the Act deprives him of a defense based on his innocent conduct and imposes strict liability.

The Wage Payment and Collection Act subjects to personal liability only those corporate officers who knowingly permit the corporation to violate the Act. W.Va.Code § 21–5–1(h). Thus, if at trial it is shown that the appellee did not knowingly permit Venable and Billups Corp., the corporation

of which he is president, to violate the provisions of the Wage Payment and Collection Act, he cannot be held personally liable for the sums sought by the appellants. We find no due process violation under this arrangement. This provision of the Wage Payment and Collection Act is neither arbitrary nor unreasonable, and is designed to further a legitimate and important public purpose. Such legislation is clearly within the police power of the State. *Cf. Western v. Hodgson,* 359 F.Supp. 194 (S.D.W.Va.1973), *aff'd,* 494 F.2d 379 (4th Cir.1974) (W.Va.Code § 21–5–3, regulating wage assignments, held not violative of due process). Moreover, if the appellee's allegations regarding his prime contractor have substance, he may assert his claim in any appropriate proceeding, for example, as a third-party plaintiff under Rule 14(a) of the West Virginia Rules of Civil Procedure. In any event, these are matters which should be developed below, not on an appeal of a motion to dismiss the appellants' complaint.

For the foregoing reasons the order of the Circuit Court of Boone County granting the appellee's motion to dismiss the appellants' complaint is reversed, and the case is remanded for proceedings consistent with this opinion.

Reversed and remanded.

---

**3.** From facts alleged in the appellants' petition it appears that Venable and Billups Corporation leased mining rights from individual landowners, and then subleased those rights to Logan County Partners, a Florida limited partnership, which, in turn, subleased them to Olentangy Ltd., an Ohio limited partnership, which then contracted with Venable and Billups Corporation to do the actual mining.