No. 13-1133 - *Gregory Grim, et al. v. Eastern Electric, LLC*

**FILED**

**November 7, 2014**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

Davis, Chief Justice, concurring, in part, and dissenting, in part:

While I agree with the majority's resolution of the issues in the case *sub judice* pertaining to the West Virginia Prevailing Wage Act,[1] I disagree with the majority's final conclusion that the petitioners herein are foreclosed from pursuing their claims seeking damages under the West Virginia Wage Payment and Collection Act.[2] The Prevailing Wage Act and the Wage Payment and Collection Act serve two distinct purposes. Therefore, because each of these Acts provides a prescribed measure of damages for a violation of its provisions, it is clear that the petitioners are entitled to, and should have been permitted to, seek recovery of both of these independent statutory remedies. From the majority's contrary conclusion, I respectfully dissent.

In its decision of this case, the majority correctly concluded that the petitioners may pursue their claim for damages provided by the Prevailing Wage Act. The Legislature has stated the purpose of the Prevailing Wage Act to be as follows:

---

[1]W. Va. Code § 21-5A-1 *et seq.*

[2]W. Va. Code § 21-5-1 *et seq.*

1

It is hereby declared to be the policy of the State of West Virginia that a wage of no less than the prevailing hourly rate of wages for work of a similar character in the locality in this State in which the construction is performed, shall be paid to all workmen employed by or on behalf of any public authority engaged in the construction of public improvements.

W. Va. Code § 21-5A-2 (1961) (Repl. Vol. 2013). This Court also has recognized that "W. Va. Code § 21-5A-2 (1961) (Repl. Vol. 2002) requires the prevailing wage to be paid to all workmen who are employed 'on behalf of any public authority' and who are 'engaged in the construction of public improvements.'" Syl. pt. 9, in part, *State ex rel. Tucker Cnty. Solid Waste Auth. v. West Virginia Div. of Labor*, 222 W. Va. 588, 668 S.E.2d 217 (2008). *Accord* Syl. pt. 4, Majority op.[3] To achieve this goal, the Prevailing Wage Act permits an aggrieved employee to pursue an action for damages occasioned by the employer's failure to pay the prevailing wage:

Any skilled laborer, workman or mechanic who is engaged in construction on a public improvement let to contract, who is paid less than the posted fair minimum rate of wages applicable thereto, may recover from such contractor or subcontractor the difference between the same and the posted fair minimum rate of wages, and in addition thereto, a penalty equal in amount to such difference, and reasonable attorney fees. The venue of said action shall be in the county where the work is performed: Provided, however, That an honest mistake or error shall not be construed as a basis for recovery under this subsection.

---

[3]*See also Thomas v. A.G. Elec., Inc.*, 304 S.W.3d 179, 183 (Mo. Ct. App. 2009) (acknowledging that the prevailing wage act "is intended to ensure that workers on public projects be paid reasonable wages" (internal quotations and citations omitted)).

W. Va. Code § 21-5A-9(b) (1961) (Repl. Vol. 2013). In rendering its ruling, the majority correctly determined that the petitioners may pursue these remedies afforded by the Prevailing Wage Act.

Despite this decision, the majority then forbade the petitioners from seeking recompense for the income they lost as a result of Eastern Electric's alleged violation of the Wage Payment and Collection Act. This result is patently unjust because the two Acts serve *different* legislative purposes and provide *separate* remedies for the *distinct* injuries recognized by each statutory scheme. Unlike the Prevailing Wage Act, which requires employers of employees constructing public improvements to pay a specific minimum wage, W. Va. Code § 21-5A-2, the Wage Payment and Collection Act requires employers to pay their employees by a date certain for the work the employees have performed, W. Va. Code § 21-5-3(a) (2008) (Repl. Vol. 2013). Pursuant to W. Va. Code § 21-5-3(a),

> [e]very person, firm or corporation doing business in this State, except railroad companies as provided in section one of this article, shall settle with its employees at least once in every two weeks, unless otherwise provided by special agreement, and pay them the wages due, less authorized deductions and authorized wage assignments, for their work or services.

In recognition of the purpose of this Act, this Court has stated that "[t]he West Virginia Wage Payment and Collection Act is *remedial* legislation designed to protect working people and assist them in the collection of compensation wrongly withheld." *Mullins v. Venable*, 171 W. Va. 92, 94, 297 S.E.2d 866, 869 (1982) (emphasis added; citation omitted). *Accord*

3

Syl. pt. 7, Majority op.[4]  As a remedial statute, the Wage Payment and Collection Act should be construed liberally to facilitate its accomplishment of its stated purpose: requiring employers to timely compensate their employees for work performed.  *See State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 777, 461 S.E.2d 516, 523 (1995) ("Where an act is clearly remedial in nature, we must construe the statute liberally so as to furnish and accomplish all the purposes intended." (citations omitted)).

To realize the Wage Payment and Collection Act's requirement that employees be timely paid for work performed for their employers, the Act specifically permits an aggrieved employee to bring an enforcement action against his/her employer:

> (a) Any person whose wages have not been paid in accord with this article . . . may bring any legal action necessary to collect a claim under this article. . . .

W. Va. Code § 21-5-12(a) (1975) (Repl. Vol. 2013).  Additionally, W. Va. Code § 21-5-4(e) (2013) (Repl. Vol. 2013) details the specific remedies that are available to an employee whose employer has not paid him/her in accordance with the Wage Payment and Collection Act:

---

[4]*See also Lipsitt v. Plaud*, 466 Mass. 240, 245, 994 N.E.2d 777, 783 (2013) (recognizing that "[t]he purpose of the Wage Act is to prevent the unreasonable detention of wages" and that "[t]he Wage Act was intended and designed to protect wage earners from the long-term detention of wages by unscrupulous employers as well as protect society from irresponsible employees who receive and spend lump sum wages" (internal quotations and citations omitted)).

> If a person, firm or corporation fails to pay an employee wages as required under this section, the person, firm or corporation, in addition to the amount which was unpaid when due, is liable to the employee for three times that unpaid amount as liquidated damages. Every employee shall have a lien and all other rights and remedies for the protection and enforcement of his or her salary or wages, as he or she would have been entitled to had he or she rendered service therefor in the manner as last employed; except that, for the purpose of liquidated damages, the failure shall not be deemed to continue after the date of the filing of a petition in bankruptcy with respect to the employer if he or she is adjudicated bankrupt upon the petition.

*See also* W. Va. Code § 21-5-6 (1981) (Repl. Vol. 2013) ("If any person, firm or corporation shall refuse for the period of five days to settle with and pay any of its employees at the intervals of time as provided in section three [§ 21-5-3] of this article, or to provide fringe benefits after the same are due, . . . and suit be brought for the amount overdue and unpaid, judgment for the amount of such claim proven to be due and unpaid, with legal interest thereon until paid, shall be rendered in favor of the plaintiff in such action[.]"); W. Va. Code § 21-5-12(b) ("The court in any action brought under this article may, in the event that any judgment is awarded to the plaintiff or plaintiffs, assess costs of the action, including reasonable attorney fees against the defendant. . . ."). In spite of the liberal construction to be afforded to this Act, the majority expressly, and wrongly, prohibited the petitioners from seeking recompense thereunder.

Insofar as the petitioners seek damages regarding their employer's failure to pay them the wages they claim they were entitled to receive, the petitioners should have been

5

permitted to pursue the statutory remedies provided by the two legislative enactments applicable to their claims: W. Va. Code § 21-5A-9(b) of the Prevailing Wage Act *and* W. Va. Code § 21-5-12(a) and W. Va. Code § 21-5-4(e) of the Wage Payment and Collection Act. While these two routes of redress are similar to the extent that they both ensure that employees receive the compensation that they legitimately have earned, these two statutory provisions nevertheless are very different in the specific types of compensation they address and the remedies they provide to aggrieved employees. Thus, to the extent that the petitioners claim that they should have been paid wages that they were not paid, whether under the Prevailing Wage Act or pursuant to the Wage Payment and Collection Act, they should have been permitted to pursue both of their sources of recovery. Whether the petitioners may also have individual contractual remedies against their employer should not foreclose their ability to pursue the relief expressly provided to them by the Legislature in these two separate statutory schemes. Moreover, such a course is not without precedent given that many courts have permitted an aggrieved employee to simultaneously pursue remedies provided by both prevailing wage statutes and wage and hour laws. *See, e.g., Gurung v. Malhotra*, 851 F. Supp. 2d 583 (S.D.N.Y. 2012) (pursuing claims under prevailing wage law and FLSA); *Gomez v. Rossi Concrete, Inc.*, 270 F.R.D. 579 (S.D. Cal. 2010) (pursuing claims under prevailing wage law, FLSA, and ERISA); *Sobczak v. AWL Indus., Inc.*, 540 F. Supp. 2d 354 (E.D.N.Y. 2007) (pursuing claims under prevailing wage law and FLSA); *Takacs v. A.G. Edwards & Sons, Inc.*, 444 F. Supp. 2d 1100 (S.D. Cal. 2006)

6

(pursuing claims for prevailing wage and unpaid wages); *Commissioner of Labor v. C.J.M. Servs., Inc.*, 268 Conn. 283, 842 A.2d 1124 (2004) (pursuing claims for prevailing wages and overtime wages). *See also Stampco Constr. Co., Inc. v. Guffey*, 572 N.E.2d 510 (Ind. Ct. App. 1991) (pursuing claims for prevailing wages under Indiana state law and federal Davis-Bacon Act).

In reaching its discordant decision, the majority of this Court not only has failed to appreciate the liberal construction to be afforded to the Wage Payment and Collection Act but also has expressly forbidden the petitioners herein to seek recompense provided by that Act's statutory remedies. Accordingly, I concur in the majority's resolution of the issues regarding the Prevailing Wage Act, but I respectfully dissent from its rejection of the petitioners' claims under the Wage Payment and Collection Act.