ORETHA M. FOARD *v.* S. C. HARWOOD

(No. 7521)

Submitted May 4, 1933.   Decided May 9, 1933.

*Fitzpatrick, Brown & Davis* and *Edmund A. Marshall,* for plaintiff in error.

*John E. Jenkins* and *Walter M. Parker,* for defendant in error.

KENNA, JUDGE:

Writ of error was awarded defendant from a judgment of the circuit court setting aside a verdict for defendant and granting plaintiff a new trial.

Plaintiff and her husband were injured while guest passengers in a Hupmobile sedan owned and driven by defendant. The defendant, his wife and infant son, with plaintiff, her husband and son, were, in October, 1931, returning to their homes in Huntington after having spent the most of the day near Point Pleasant visiting defendant's relatives. Defendant, his wife and son were riding in the front seat. Plaintiff, her husband and their son were occupying the rear seat, the husband sitting directly behind defendant, and plaintiff sitting between her husband and son.

Defendant, while driving about 40 or 45 miles per hour on a straight section of the highway, in attempting to pass a car traveling 30 to 35 miles per hour which he had overtaken, drove to his left of the center of the road. Seeing a car approaching from the opposite direction at a rapid rate of speed, he, in an effort to avoid a collision, increased his speed, "cut in quickly" to the right of the road where the rear wheels of his car encountered loose gravel, which caused him to lose control of it. The car skidded to the opposite side of the road, collided with a concrete culvert and overturned with resultant injury to the plaintiff.

It appears that the parties had driven about 75 miles the day of the accident. Defendant had owned and driven automobiles for ten years.

The error complained of is that the trial court was plainly wrong in setting aside the verdict in favor of the defendant. The defendant (plaintiff here) says that the circumstances of the accident, as shown by the evidence, justify the submission of the case to the jury on the theory that the evidence would warrant the jury in finding the plaintiff guilty of contributory negligence. Defendant below further says that the declaration and the proof under it would justify the jury in finding that the defendant was not guilty of the negligence complained of, and, further, that if the defendant was guilty of any negligence, that such negligence as he may have been guilty of was not the proximate cause of the injury.

It is thoroughly established that the action of a trial judge in setting aside a verdict is entitled to peculiar weight, because of the fact that the circumstances of the trial are intimately and especially within his knowledge in a manner perhaps not disclosed by a cold printed record. But yet, if the trial judge appears from the record to have been plainly wrong in so doing, his action must be reversed in the appellate court.

It is necessary for us to consider only one of the reasons advanced by the defendant below as making the action of the trial court in setting aside the verdict in his favor clearly wrong. The case was submitted to the jury on the theory that the proof would justify a finding of contributory negligence on the part of the plaintiff. That negligence could consist in the failure of the plaintiff to remonstrate against the negligent driving or recklessness of the defendant, which, of course, implies an opportunity to do so before the negligence resulted in injury or in time to prevent that result, if the remonstrance were heeded. It is sharply contended both that there was and that there was not opportunity for the plaintiff to remonstrate after she became conscious of the impending danger due to the manner of the defendant's driving. It might be that had the trial court been in position to act freely in the determination of the question whether the proof justified submission on the question of contributory negligence, that the result of his action should not be disturbed. We are of opinion, however, that the trial court was not at liberty to freely act and to decide whether for the purposes of setting aside this verdict contributory negligence had been properly submitted to the jury. Defendant's instruction No. 4 was drawn on the theory of plaintiff's contributory negligence. It was not objected to by the plaintiff. Plaintiff's instruction No. 1, which is otherwise binding in form, concludes "unless the jury further believes from the evidence the plaintiff was guilty on his part of negligence contributing to the accident". Both of these instructions were given by the court. It will thus be seen that the defendant, in submitting the case, took the position that the proof might justify a finding in his favor because of the plaintiff's contributory negligence. The fact that the plaintiff, in his own instruction, included lan-

guage negativing the existence of contributory negligence, shows that he, too, submitted his case to the jury on the theory that a finding of contributory negligence against him might be justified by the proof. The fact that the learned trial judge approved and gave both of these instructions, shows that he, too, considered the case one in which it was proper to submit to the jury the question of contributory negligence. It would seem to us that the theory of these instructions, approved by the trial judge, was indeed the proper theory for the case to go to the jury upon. We do not believe, however, that it is necessary to decide that question. The plaintiff procured an instruction submitting the question of contributory negligence to the jury. The defendant also procured an instruction on the theory of contributory negligence. Even assuming these instructions to have been erroneously given, error in the giving of instructions induced by both parties cannot be relied upon by either in the appellate court. *Thomas v. Jones,* 105 W. Va. 46, Pt. 5, Syl., and page 58, 141 S. E. 434. See also the painstaking opinion of Judge Hatcher in *Truschel v. Amusement Co.,* 102 W. Va. 215, 219, 136 S. E. 30, and authorities there collected.

For the foregoing reasons, the action of the trial court in setting aside the defendant's verdict is reversed, and judgment is entered here for the defendant.

*Reversed; judgment here.*

MAXWELL, PRESIDENT, (dissenting) :

I am unable to concur in the decision of this case.

The action of a trial judge in setting aside a verdict and awarding a new trial is entitled to the very highest consideration, and such action should not be reversed by an appellate court unless it appears that the judge was plainly wrong and that obviously there was prejudicial error. "A judgment awarding a new trial of an action will not be reversed unless it is manifestly erroneous." *Wilson* v. *Fleming,* 89 W. Va. 553, 109 S. E. 810. In *Nutter* v. *Salem,* 110 W. Va. 180, 157 S. E. 592, 593, the Court made the following observation: "The trial court was in much better situation in determining that the ends of justice would be served by a new trial than

the appellate court because the trial court saw the demeanor of the witnesses and their manner of giving evidence, and whether partial or fair * * *. 'It is an important principle that the revising court should have the same lights, and act upon the same data, as the inferior court.' '' Other pertinent cases: *Haggar* v. *Transport Co.*, 106 W. Va. 522, 146 S. E. 49; *Vaughan* v. *Hospital*, 103 W. Va. 156, 136 S. E. 837; *Reynolds* v. *Tompkins*, 23 W. Va. 229; and *Miller* v. *Insurance Co.*, 12 W. Va. 116. A controlling thought underlying all of these cases is that such an order of the trial court does not involve final disposition of the case. The order goes no further than to require the parties to re-try their case to the end that complete justice may be done.

In my judgment the high requirements necessary for this Court properly to reverse an order of a trial court in granting a new trial do not exist in this case.

It was, of course, the trial judge's duty to weigh the case in its whole aspect when called upon to consider a motion for a new trial—not primarily as to whether some technical rule of procedure had been violated, but whether justice had been done by the verdict. I think the trial court would have been fully warranted in reaching the conclusion that the defendant was unquestionably guilty of negligence and that there was no appreciable evidence tending to establish contributory negligence of the plaintiff. If the plaintiff was contributorily negligent (on no other theory could she be denied recovery), it was because she did not protest to the defendant against the manner of his driving. To apply that doctrine here seems to me to carry judicial sanction of "back seat driving" beyond the point of reason and propriety. In such cases as *Clise* v. *Prunty*, 112 W. Va. 181, 163 S. E. 864, *Herold* v. *Clendennen*, 111 W. Va. 121, 161 S. E. 21, and *Adams* v. *Hutchinson*, 113 W. Va. 217, 167 S. E. 135, where there was full opportunity and ample time for the guest to protest against a manner of driving which presently resulted in disaster, the guest's failure to protest very properly bars his right to damages in case of injury. But where time must be measured by the fraction of a second, as in the case at bar, a protest of a guest may be just as apt to accentuate the danger of the situation as to ameliorate it.

624

With all possible deference to my brethren, it is my view that the court is reversing this case on a matter of secondary importance and is ignoring the more important phases of the case.

Therefore, I respectfully dissent.