RALPH FORREST LAMBERT AND MYRTLE FRANCES LAMBERT

*v.*

ANDY V. GOODMAN, JR., *et al., etc.*

(No. 12170)

Submitted September 19, 1962.    Decided January 15, 1963.

*Greene, Morgan & Ketchum, Chad W. Ketchum, Edward H. Greene, Claude M. Morgan,* for appellant.

514

*Jenkins & Jenkins, John E. Jenkins, Jr., Norton & Norton, L. F. Norton,* for appellees.

CAPLAN, JUDGE:

This is an appeal by Myrtle Frances Lambert, one of the plaintiffs below, from a final judgment of the Circuit Court of Cabell County and from the order of that court overruling her motion for a new trial.

On December 7, 1959, Ralph Forrest Lambert, with his wife, Myrtle Frances Lambert as a passenger, was driving his 1955 Ford automobile in an easterly direction on Adams Avenue in the City of Huntington. Adams Avenue is a three lane street extending from east to west, the north lane of which is reserved for parking and the center and south lanes being used for west and eastbound traffic respectively. While so traveling on Adams Avenue, the Lambert automobile, attempting to pass a 1949 Ford truck, collided therewith, resulting in the damage and injury complained of in this civil action.

The truck was the property of Edna C. Ferguson, doing business as Ferguson Plumbing and Heating, and, at the time of this collision, was being driven by Andy V. Goodman, Jr., an employee of Mrs. Ferguson.

As a result of the collision, the Lamberts instituted this civil action, wherein, by separate counts of the complaint, Ralph Forrest Lambert sought recovery for damage to his automobile, and Myrtle Frances Lambert asserted a claim for personal injuries alleged to have been sustained by her. The plaintiffs alleged that the damage and injuries complained of were the result of the negligence of Goodman, the driver of the Ferguson vehicle, while he was acting as an agent of his employer. The action was instituted against Goodman and his employer, Mrs. Ferguson.

The defendants answered the complaint, denying all of the pertinent allegations stated therein, and affirmatively alleged that the plaintiffs were guilty of contributory negligence. In addition to her answer, Edna E. Ferguson, doing business as Ferguson Heating and Plumbing, filed a counterclaim against the Lamberts for damage to her vehicle.

After a pre-trial conference, wherein the issues were defined, this case was tried before a jury. Substantial conflict was reflected by the testimony as to where and how the collision occurred. The plaintiffs contend that the vehicles collided approximately one hundred feet west of the Adams Avenue 3rd Street intersection; that the defendant's truck had stopped in the eastbound lane; and that when the plaintiffs attempted to pass, Goodman, without giving any signal, pulled out in front of their automobile, thereby causing the collision. The defendants contend that the accident took place in the intersection of Adams Avenue and 3rd Street; that Goodman, the driver of the Ferguson truck, pulled away from the curb and drove to the intersection; that he looked into his rear view mirror and saw no vehicles approaching; and that thereafter he turned left into the intersection and was struck by plaintiffs' vehicle which was traveling in the wrong lane.

At the conclusion of all the testimony, plaintiff, Myrtle Frances Lambert, through her counsel, moved for a directed verdict. This motion was based upon the complete lack of evidence of contributory negligence on her part. The defendants resisted the motion on the ground that there was evidence to show that plaintiff, Myrtle Frances Lambert, was engaged in a joint venture with her husband and further that there was evidence that she and her husband had been traveling down the wrong side of Adams Avenue for a considerable distance before this impact occurred. The motion was overruled by the court. After instructions were given and arguments of counsel made, the jury, after consideration of the case, returned the following verdict: "We, the jury, do agree and find that none of the parties is entitled to recover from the other." It is from this verdict and the court's denial of a motion for a new trial that plaintiff, Myrtle Frances Lambert, appeals.

In support of her appeal, plaintiff, Myrtle Frances Lambert, hereinafter referred to as appellant, assigns the following errors: (1) the trial court erred in overruling her motion for a directed verdict; (2) the verdict and judgment as to her are contrary to the law and the evidence of the

case; (3) there is no evidence that she was guilty of contributory negligence; (4) the giving of defendants' instruction No. 3 over her objection; and (5) defendants' instruction No. 7 should not have been given.

A trial court, in consideration of a motion for a directed verdict, should entertain every reasonable and legitimate inference favorable to the litigant opposing such motion fairly arising from the evidence, considered as a whole, and assume as true those facts which a jury might properly find under the evidence. *Overton* v. *Fields,* 145 W. Va. 797, 117 S. E. 2d 598; *Costello* v. *City of Wheeling,* 145 W. Va. 455, 117 S. E. 2d 513; *Jenkins* v. *Chatterton,* 143 W. Va. 250, 100 S. E. 2d 808; *Roush* v. *Johnson,* 139 W. Va. 607, 80 S. E. 2d 857; *Laphew* v. *Consolidated Bus Line, Inc.,* 133 W. Va. 291, 55 S. E. 2d 881; *Adkins* v. *Raleigh Transit Co.,* 127 W. Va. 131, 31 S. E. 2d 775; *Fielder* v. *Service Cab Company,* 122 W. Va. 522, 11 S. E. 2d 115.

It is well settled law that when a case, involving conflicting testimony and circumstances, has been fairly tried, under proper instructions, the verdict of the jury will not be set aside unless plainly contrary to the weight of the evidence or without sufficient evidence to support it. *Meadows* v. *Stickler,* 144 W. Va. 644, 110 S. E. 2d 380; *Laslo* v. *Griffith,* 143 W. Va. 469, 102 S. E. 2d 894; *Lewis* v. *Mosorjak and McDonald,* 143 W. Va. 648, 104 S. E. 2d 294; *Dodrill* v. *Young,* 143 W. Va. 429, 102 S. E. 2d 724; *Dangerfield* v. *Akers,* 127 W. Va. 409, 33 S. E. 2d 140. In such case the court is not justified in directing a verdict, if on submission of the evidence to the jury the court would not be justified in setting aside its verdict if it should be contrary to the verdict directed. *Bradley* v. *Kenova Trading Company,* 93 W. Va. 102, 115 S. E. 866.

Guided by these well established principles of law, let us consider and apply these principles to the case now before us. The record reveals not only a material conflict in the testimony but shows a divergence in theories as to the manner in which this accident occurred. The plaintiffs below insist that the collision took place on Adams Avenue, one hundred feet or more west of the intersection. The

defendants, on the other hand, insist that the accident happened in the intersection while the driver of the truck properly was making a left turn into 3rd Street. There was testimony that the Lambert automobile was traveling at the rate of fifteen to twenty miles per hour. On cross-examination the following testimony was elicited from Goodman, the driver of the truck: "Q. If he came from out of your view to in front of you within the short space you said just before you turned he was flying, wasn't he? A. He was speeding. Q. Well, he would have had to have been making 75 to have done that, wouldn't he? A. I don't know. He could have made 75. He was going fast." There was a further conflict regarding the distance that the Lambert vehicle had been driven in the center lane prior to the collision.

Faced with this conflicting testimony, we are compelled to find, and so hold, that this was a proper case for jury determination. Certainly before the appellant would be entitled to recover, she must prove negligence on the part of the defendant driver and that such negligence was the proximate cause of her injuries. In view of this record the matter of negligence could be settled only by a jury. We are of the opinion, therefore, that the trial court was correct in overruling appellant's motion for a directed verdict.

The appellant contends that the jury verdict, by denying recovery to any of the parties, established negligence on the part of the defendant driver; that since she was a mere passenger, she could be denied recovery only if she were guilty of contributory negligence; that there was no evidence of such negligence on her part; and that she was therefore entitled to recover for her injuries. In furtherance of this contention, the appellant complains that the trial court erred in submitting to the jury defendants' instructions Nos. 3 and 7. She asserts that such instructions permit the jury to consider the question of contributory negligence on her part when, in fact, there was no evidence of such negligence.

In giving defendants' instructions Nos. 3 and 7, the court instructed the jury that if they believed from the evidence

that the accident was the result of the negligence of both the plaintiffs and the defendants, then they should find that no party shall recover from the other. In view of the appellant's contention, let us now consider the instructions offered by her and given by the court.

Plaintiffs' instruction No. 1 told the jury that if they found that the defendants were negligent, plaintiff Myrtle Frances Lambert was entitled to recover "unless you believe that the plaintiff was guilty of negligence proximately contributing to the injuries so received, * * *." Like language, negativing contributory negligence, was found in three other instructions given at the request of the appellant. In view of her instructions, can the appellant now be allowed to assign as reversible error the giving of defendants' instructions Nos. 3 and 7, for the reason that there was no evidence upon which to base them? We think not.

This case is largely controlled by the decision of this Court in *Dangerfield* v. *Akers,* 127 W. Va. 409, 33 S. E. 2d 140. In that case the plaintiff was a guest passenger in an automobile which was involved in an accident with a truck driven by the defendant. The testimony as to the manner in which the collision occurred was conflicting on practically every question of fact. The jury returned a verdict for the defendant and the trial court set the verdict aside and granted the plaintiff a new trial. On appeal, this Court found that the testimony presented purely a jury question and that the action of the trial court in setting aside the verdict was not warranted.

Of greater pertinence here, however, is the Court's holding on the instructions offered and given in the *Dangerfield* case. The plaintiff, Dangerfield, in an attempt to meet a contention of the defendant, inserted the following clause in his instruction No. 2: "* * * unless you believe from all the evidence in the case that he (the plaintiff) was guilty of contributory negligence which contributed to his own injuries." Similar language was contained in at least one other of plaintiff's instructions. The defendant Akers invoked the question of contributory negligence on the part of the plaintiff by his instruction No. 7. That instruction

told the jury, in essence, that it was plaintiff's duty, if he had an opportunity to do so, to learn of the danger and to avoid it if practicable and if they believed that the plaintiff could have learned of the danger in time to have taken effective precaution to avoid it, and he failed to do so, then he could not recover even though the defendant was negligent.

It may thus be seen that the action taken by the parties, regarding instructions, was similar in the *Dangerfield* case and in the case under consideration. In each instance the plaintiff and defendant requested and were granted instructions informing the jury that they could find that the plaintiff had or had not been contributorily negligent. The following language of the syllabus in *Dangerfield* v. *Akers,* 127 W. Va. 409, 33 S. E. 2d 140, on the question of invited error, is decisive: "Where in the trial of an action at law before a jury the plaintiff and defendant each ask for, and the trial court gives instructions based on the supposed existence of evidence on a single point in the case, when in fact there is no evidence on which such instructions could properly be given, the error is one invited by the litigants, and neither can take advantage thereof in this Court * * *."

At an earlier date, this Court was confronted with this problem and, in *State* v. *Calhoun,* 67 W. Va. 666, 69 S. E. 1098, said: "Though there be error in instructions given on behalf of the prevailing party, yet the judgment will not for this reason be reversed if it appears that the same error was introduced into the record by instructions given at the instance of or was invited by the other party."

A like view was expressed by the Virginia Supreme Court of Appeals in *Richmond Traction Co.* v. *Clarke,* 101 Va. 382, 43 S. E. 618, wherein it said: "Both parties having asked for, and induced the Court to give, instructions upon the theory that there was no such evidence, neither will be permitted, after verdict, to question the correctness of the instructions on the ground that there was such evidence. A party cannot invite the Court to commit an error, and then complain of it." See also *Kimball* v. *Friend,* 95 Va. 125, 27 S. E. 901.

In clear and concise language this Court, in *Foard* v. *Harwood*, 113 W. Va. 619, 169 S. E. 465, held: "Even assuming these instructions to have been erroneously given, error in the giving of instructions induced by both parties cannot be relied upon by either in the appellate court."

In the instant case, as in the *Foard* case, both parties submitted and induced the court to give instructions whereby the jury had before it the consideration of contributory negligence on the part of both plaintiffs. This was done by the plaintiffs in their attempt, in four of their instructions, to negative contributory negligence. The defendants' instructions urged contributory negligence as to both plaintiffs. In support of its holding the Court, in the *Foard* case, further said: "* * * It will thus be seen that the defendant, in submitting the case, took the position that the proof might justify a finding in his favor because of the plaintiff's contributory negligence. The fact that the plaintiff, in his own instruction, included language negativing the existence of contributory negligence, shows that he, too, submitted his case to the jury on the theory that a finding of contributory negligence against him might be justified by the proof. The fact that the learned trial judge approved and gave both of these instructions, shows that he, too, considered the case one in which it was proper to submit to the jury the question of contributory negligence * * *".

The question of the appellant's contributory negligence was further introduced in this case as evidenced by the language of a pre-trial order entered by the court on January 27, 1961. This order reads in part as follows: "It is further ordered that the pre-trial stipulation this day entered into by and between the parties hereto shall be taken as established facts and read to the jury, and that this action shall be set for trial before a jury at a date later to be arranged and placed on the jury trial calendar, and that same shall be tried before the jury upon the following issues: * * * 3. Was the plaintiff Myrtle Frances Lambert herself negligent which contributed to her own injury? * * *." The record discloses that this order was entered without objection. It becomes apparent, therefore, that the

court and counsel for the parties believed that contributory negligence on the part of Myrtle Frances Lambert was a proper question for consideration in this case. Bearing this in mind, and considering the material conflict in the testimony tendered at the trial and the instructions given by the court, we can not say that there was no evidence to support the verdict.

It has been consistently held by this Court and by the courts of other jurisdictions that one can not, by his own instructions, invite error and then complain of such error on appeal. We believe this to be sound reasoning and adhere to the decisions so holding.

For the foregoing reasons, the action of the trial court in refusing to grant the plaintiff a new trial is affirmed.

*Affirmed.*