416 S.E.2d 73

John Edward AMICK, et al., Plaintiffs Below, Appellees,

v.

C & T DEVELOPMENT CO., INC., a West Virginia Corporation, Elk River Sewell Coal Company, a Corporation, et al., Defendants Below, Appellant.

No. 20267.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 22, 1992.

Decided April 2, 1992.

William W. Talbott, Webster Springs, for appellees.

Harry A. Smith, III, Busch, Jory, Smith & Talbott, Elkins, for appellant.

PER CURIAM:

This is an appeal by Elk River Sewell Coal Company from an order entered by the Circuit Court of Webster County on January 22, 1991. That order awarded a number of former employees of C & T Development Company, Inc., a contractor which had worked for Elk River Sewell Coal Company, judgment against Elk River for $60,000 and attorney fees. The judgment was predicated on the fact that the contractor had not paid its employees for work performed on Elk River Sewell Coal Company's property, and that the employees, under West Virginia mechanic's lien statute, had a lien against the owner's property. Among other points, on appeal the appellant, while not challenging the mechanic's lien generally, claims that the

court erred in awarding liquidated damages, that the court erred in holding that the plaintiffs below were entitled to attorney fees, and that the court erred in not considering the bankruptcy of C & T Development Company, Inc., as a factor which would mitigate its damages.

The facts of this case show that on February 10, 1988, the appellant, Elk River Sewell Coal Company, entered into a contract with C & T Development Company, Inc., which provided that C & T would mine coal on property owned by the appellant. The appellant retained the right to designate the areas to be mined as well as the tonnages to be supplied. It also retained the right to specify the mining plans.

After entering into the contract, C & T commenced mining operations. Thereafter, however, C & T failed to pay its employees for the pay period ending May 19, 1989. As a consequence, the employees, except for one Michael Vandal, gave notices of mechanic's liens to C & T and the appellant, and the notices were filed in the office of the Clerk of the County Commission of Webster County in July, 1989. Michael Vandal filed a notice of a lien on August 16, 1989.

Subsequently, on September 14, 1989, the employees of C & T who had not been paid filed an action in the Circuit Court of Webster County to recover wages due, overtime pay, and liquidated damages. The liquidated damages claim was predicated on *W. Va. Code*, 21-5-4, which provides:

> (e) If a person, firm or corporation fails to pay an employee wages as required under this section, such person, firm or corporation shall, in addition to the amount due, be liable to the employee for liquidated damages in the amount of wages at his regular rate for each day the employer is in default, until he is paid in full, without rendering any service therefor: Provided, however, that he shall cease to draw such wages thirty days after such default. Every employee shall have such lien and all other rights and remedies for the protection and enforcement of such salary or wages, as he would have been entitled to

had he rendered service therefor in the manner as last employed; except that, for the purpose of such liquidated damages, such failures shall not be deemed to continue after the date of the filing of a petition in bankruptcy with respect to the employer if he is adjudicated bankrupt upon such petition.

Paragraph 4 of the complaint set forth that wages and benefits, including liquidated damages, were due as itemized in the mechanic's or laborer's liens which were attached to the complaint as an exhibit. The prayer of the complaint sought to recover for each plaintiff the sums which were itemized, which included liquidated damages. The complaint also prayed for interest, attorney fees, and such other relief as justice would require.

On February 15, 1990, an evidentiary hearing was held on the issues presented, and later, memoranda were submitted detailing the parties' positions. Subsequently, on April 2, 1990, the court entered judgment in favor of the plaintiffs for $37,329.07, the amount of wages actually due. This was not challenged by the appellant and was paid in full. The court, however, in the April 2, 1990, order, held in abeyance the questions of liquidated damages and attorney fees.

On January 22, 1991, the court ruled that the plaintiffs were entitled to liquidated damages in the amount of $60,000 (including $2,400 for Michael Vandal), plus prejudgment interest. The court also ruled that they were entitled to attorney fees.

On appeal, the appellant's first contention is that the circuit court erred in awarding liquidated damages.

■ As previously indicated, the workmen's claims for liquidated damages in this case are predicated upon the provisions of *W. Va. Code*, 21-5-4, which allows liquidated damages when wages are not paid as provided by law. In *Farley v. Zapata Coal Corp.*, 167 W.Va. 630, 281 S.E.2d 238 (1981), a case which is factually very similar to the one under consideration, the Court recognized that a proceeding for enforcement of a mechanic's or laborer's lien

brought under *W.Va.Code*, 38–2–31, could properly be used for enforcement of a lien for liquidated damages under *W.Va.Code*, 21–5–1 *et seq.* Indeed, in syllabus point 2 of *Farley*, the Court said:

> W.Va.Code § 38–2–31 (1966) is properly used in aid of the enforcement of a lien for liquidated damages granted under W.Va.Code § 21–5–4(e) (1978 Replacement Vol.).

In reaching this conclusion, the Court noted, in the *Farley* case, that *W.Va.Code*, 21–5–4(e), explicitly provides that an employee shall have the same lien and other rights and remedies for the enforcement of his claim for liquidated damages as he would have been entitled to had he actually rendered service therefor in the manner as last employed. The Court reasoned that had the appellants actually performed labor for the employer for the period for which they claimed liquidated damages, they could have enforced a lien for their unpaid services against the employer pursuant to *W.Va.Code*, 38–2–31. The Court concluded that the effect of *W.Va.Code*, 21–5–4(e), was to create, by operation of law, a fictitious additional thirty days of employment, and to grant the employee the same remedies and procedures for enforcing his lien for the fictitious days that he would have had for the value of work actually performed.

■ Certainly, a fair reading of the complaint and Exhibit A would notify the appellant that the claimants were seeking to enforce whatever rights they had that were embodied in the liens. Given this and the overall circumstances in the present case, the Court believes that the claimants were seeking to enforce their liens when they instituted this action, and that under the rule set forth in syllabus point 2 of *Farley v. Zapata Coal Corp., supra,* they were entitled to collect liquidated damages in the proceeding. The Court further believes that the circuit court did not err in so ruling.

The appellant also claims that the circuit court erred in awarding attorney fees to the claimants in the case.

■ As previously indicated, this Court believes that the decision in *Farley v. Zapata Coal Corp., supra,* applies in this case. Syllabus point 3 of *Farley* specifically provides:

> An employee who succeeds in enforcing a claim under W.Va.Code Chapter 21, article 5 should ordinarily recover costs, including reasonable attorney fees unless special circumstances render such an award unjust.

In the present case, this Court believes that the attorney fees awarded by the circuit court appear to be neither unreasonable nor unjust.

Next, the appellant claims that the trial court erred in not considering the bankruptcy of C & T Development Company, Inc., as a factor which would mitigate damages under *W.Va.Code*, 21–5–4(e).

As previously indicated, *W.Va.Code*, 21–5–4(e), provides, in part:

> Every employee [an employee who has not been paid] shall have such lien and all other rights and remedies for the protection and enforcement of such salary or wages, as he would have been entitled to had he rendered service therefor in the manner as last employed; except that, for the purpose of such liquidated damages, such failures shall not be deemed to continue after the date of the filing of a petition in bankruptcy with respect to the employer if he is adjudicated bankrupt upon such petition.

■ This Court has recognized that generally the words of a statute are to be given their ordinary and familiar significance and meaning, and regard is to be had for the general and proper use of such words. Further, the words are to be given their ordinary acceptance and significance and the meaning generally attributed to them. *State v. General Daniel Morgan Post No. 548, Veterans of Foreign Wars,* 144 W.Va. 137, 107 S.E.2d 353 (1959).

■ In examining *W.Va.Code*, 21–5–4(e), the Court notes that the language provides that failure to pay wages "shall not be deemed to continue after the date of the filing of a petition in bankruptcy with re-

spect to the employer if he is adjudicated bankrupt upon such petition." The plain meaning of these words is that the limitation is to be applied only to the employer and that the limitation is to be applied to him only in the event that he has been adjudicated bankrupt.

■ This Court believes that *W.Va. Code*, 21–5–4(e), would preclude the claimants from seeking wages from their immediate employer, C & T Development Co., Inc., after the date it applied for bankruptcy in the event that it is, in fact, adjudicated bankrupt. The Court, however, does not believe that the language of the statute was intended to include parties who contracted with the employer or that, under the circumstances, Elk River Sewell Coal Company should be relieved of liability simply because its contractee, C & T Development Co., Inc., filed a petition for bankruptcy.

Lastly, the appellant claims that the trial court erred in finding that Michael Vandal, who had not perfected his laborer's lien, was entitled to liquidated damages.

■ *West Virginia Code*, 38–2–32, requires that a party who obtains a lien against a corporation for work or labor must perfect that lien within ninety days by filing a notice of it with the clerk of the county court of the county in which the work was performed. It further provides that if such perfection does not occur, the lien is discharged. The specific language of the statute states:

> Such lien shall be discharged unless the person desiring to avail himself thereof, within ninety days from the time he shall have ceased to work or labor for such incorporated company or for such contractor, shall file with the clerk of the county court [county commission] of the county in which such work or labor was performed, or in which the principal office, works, real estate or personal property of such incorporated company is situated, a notice of lien containing the amount due him after allowing all credits, which notice shall be sworn to by the person claiming such lien, or by someone in his behalf.

In interpreting this statute, the Court has specifically indicated that the lien involved in it is discharged unless a notice thereof is filed with the clerk of the county court of the county in which such work or labor was performed. *Sturgill v. Lovell Lumber Co.*, 136 W.Va. 259, 67 S.E.2d 321 (1951).

■ The record of the present case shows that Michael Vandal last performed work in conjunction with the present matter on May 12, 1989, and that he did not file a notice of his lien until August 16, 1989, more than ninety days after the work was performed. Given this fact, given the language of *W.Va.Code*, 38–2–32, and given the holding in the *Sturgill* case, this Court believes that the failure of Michael Vandal to file the appropriate notice of his lien within the time provided by law resulted in a discharge of that lien and that, under the circumstances, the appellant is correct in asserting that the trial court erred in finding that the said Michael Vandal was entitled to liquidated damages.

For the reasons stated, this Court believes that the judgment of the Circuit Court of Webster County, insofar as it relates to an award of damages for Michael Vandal, should be reversed, and that the judgment in all other regards should be affirmed.

The judgment of the Circuit Court of Webster County is, therefore, reversed insofar as it relates to the award of damages for Michael Vandal and is otherwise affirmed.

Reversed in part; affirmed in part.