489 S.E.2d 734

Michael W. BRITNER and Debra Britner, Plaintiffs Below, Appellees,

v.

MEDICAL SECURITY CARD, INC., a Virginia Corporation, and Kenneth A. Lill, Defendants Below, Appellants.

Mark Phillips, Defendant Below, Appellee.

Ramona MAIER, Plaintiff Below, Appellee,

v.

MEDICAL SECURITY CARD, INC., a Virginia Corporation, and Kenneth A. Lill, Defendants Below, Appellants,

Mark Phillips, Defendant Below, Appellee.

No. 23865.

Supreme Court of Appeals of West Virginia.

Submitted April 30, 1997.

Decided June 10, 1997.

Melvin C. Snyder, III, Kingwood, for Appellants.

Frank P. Bush, Jr., Harris & Bush, Elkins, for Appellees.

PER CURIAM:

This appeal arises from two cases that were consolidated below. The defendants were Medical Security Card, Inc. and Kenneth A. Lill.[1] The plaintiffs in one case were Michael Britner and Debra Britner.[2] The plaintiff in the second case was Ramona Maier. In this appeal the defendants allege that the Circuit Court of Preston County committed error by granting to plaintiffs a partial summary judgment and a directed verdict.

## I.

### FACTUAL BACKGROUND

Defendant Kenneth A. Lill (Mr. Lill) is the president, chairman of the board of directors and principal owner of defendant Medical Security Card, Inc (the "company").[3] The defendants hired the plaintiffs in 1990. Plaintiffs' contracts with the company stated that each plaintiff would receive a 15% raise on the anniversary of his or her hiring date. The defendants failed to pay to plaintiffs their annual raises. The plaintiffs voluntarily ended their employment with defendants in 1995. Plaintiffs never received their annual raises.

After terminating their employment the plaintiffs sued defendants to recover the unpaid annual raises.[4] The circuit court granted summary judgment against the company. The case against Mr. Lill in his individual capacity was set for a jury trial. The jury trial was held on April 8, 1996. At the close

---

1. There was a third defendant, Mark Phillips, who is not a party to this appeal. The circuit court granted a directed verdict for Mr. Phillips.

2. The Britners are husband and wife.

3. The record indicates that the company produces medical insurance cards that contain microfilmed medical histories of individuals.

4. The lawsuits also sought payment of the last paycheck for each plaintiff. That matter was resolved. It is not an issue in this appeal.

of the defendants' case-in-chief the circuit court directed a verdict against Mr. Lill.

In this appeal we are asked to determine whether summary judgment against the company was appropriate. We must also decide whether it was error to direct a verdict against Mr. Lill at the close of all the evidence.[5]

## II.

### A.

### SUMMARY JUDGMENT

■ We begin our discussion by setting out the standard of review for an order granting summary judgment. This Court held in syllabus point 1 of *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994), that "[a] circuit court's entry of summary judgment is reviewed de novo." *See* Syl. pt. 1, *Davis v. Foley*, 193 W.Va. 595, 457 S.E.2d 532 (1995). We indicated in syllabus point 1 of *Fayette County National Bank v. Lilly*, 199 W.Va. 349, 484 S.E.2d 232 (1997) that

'[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.' Syl. Pt. 3, *Aetna Casualty & Surety Co. v. Federal Ins. Co. of N.Y.*, 148 W.Va. 160, 133 S.E.2d 770 (1963).

Defendants' admit plaintiffs were given written contracts entitling each to an annual 15% raise. Additionally, defendants admit their failure to pay the annual raises. Defen-

dants contend that the plaintiffs' employment contracts were modified because plaintiffs agreed to defer the raises until the company was profitable. As a result of this alleged modification, the defendants argue that the doctrine of estoppel barred the actions.

The defendants argued estoppel as a defense during the motions for summary judgment.[6] However, the circuit court ruled that the estoppel defense could not be asserted. In this appeal the defendants contend that it was error for the circuit court to preclude the company's defense of estoppel during the summary judgment motion.[7] The defendants argue that if the defense was permitted, material issues of fact would have been in dispute. Therefore, summary judgment should have been denied.

The plaintiffs assert on appeal that W. Va.Code § 21–5–10 (1996) precluded the defense of estoppel. The pertinent language in W.Va.Code § 21–5–10 states:

[N]o provision of this article [pertaining to wages] may in any way be contravened or set aside by private agreement, and the acceptance by an employee of a partial payment of wages shall not constitute a release as to the balance of his claim and any release required as a condition of such payment shall be null and void.

■ The statute is clear. The definition of wages contained in W.Va.Code § 21–5–1(c) (1996) encompasses the annual raise contained in plaintiffs' employment agreements.[8] Therefore, estoppel is not a defense which

---

5. The defendants' petition for appeal cited as error the circuit court's application of the five year statute of limitations to this case. However, the defendants did not address that issue in their brief and therefore have abandoned that assignment of error. *See State v. LaRock*, 196 W.Va. 294, 302, 470 S.E.2d 613, 621 (1996) ("Although we liberally construe briefs in determining issues presented for review, issues which are not raised . . . are not considered on appeal.").

6. The defense was raised in the defendants' answers to the complaints.

7. The brief of the defendants assert that the circuit court also precluded use of the doctrine of laches. However, the brief does not present any discussion of this doctrine. This issue will be

deemed waived on appeal. *See State v. Lilly*, 194 W.Va. 595, 605 n. 16, 461 S.E.2d 101, 111 n. 16 (1995) ("Indeed, '[i]t is . . . well settled, . . . that casual mention of an issue in a brief is cursory treatment insufficient to preserve the issue on appeal.'" *Quoting Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3rd Cir.1993)).

8. W.Va.Code § 21–5–1(c) provides in relevant part:

(c) The term "wages" means compensation for labor or services rendered by an employee, whether the amount is determined on a time, task, piece, commission or other basis of calculation.... [T]he term "wages" shall also include then accrued fringe benefits capable of calculation and payable directly to an employee[.]

can be successfully asserted to bar an action pursuant to W.Va.Code § 21–5–10 (1996).

Losing that argument, defendants next contend that our decisions in *Pasquale v. Ohio Power Co.*, 186 W.Va. 501, 413 S.E.2d 156 (1991) and *Ground Breakers, Inc. v. City of Buckhannon*, 188 W.Va. 42, 422 S.E.2d 519 (1992) (per curiam) have qualified W.Va.Code § 21–5–10, so that employment wage agreements may be modified by acquiescence. Defendants are wrong. Neither *Pasquale* nor *Ground Breakers* [9] involved the application of W.Va.Code § 21–5–10.

The legislature has attempted to prevent employers from abusing their positions by compromising the wages of employees. The language in W.Va.Code § 21–5–10 is mandatory. An employer must pay earned wages to its employees. Any other reading would seriously compromise and undermine the legislative intent of W.Va.Code § 21–5–10. Therefore, we affirm the circuit court's summary judgment ruling.

## B.

### DIRECTED VERDICT

■ We now turn to the issue of the circuit court's decision to direct a verdict against Mr. Lill at the close of the evidence. The standard of review for a directed verdict is set forth in syllabus point 3 of *Brannon v. Riffle*, 197 W.Va. 97, 475 S.E.2d 97 (1996), wherein we stated:

The appellate standard of review for the granting of a motion for a directed verdict pursuant to Rule 50 of the West Virginia Rules of Civil Procedure is de novo. On appeal, this court, after considering the evidence in the light most favorable to

nonmovant party, will sustain the granting of directed verdict when only one reasonable conclusion as to the verdict can be reached. But if reasonable minds could differ as to the importance and sufficiency of the evidence, a circuit court's ruling granting a directed verdict will be reversed.

In syllabus point 5 of *Wager v. Sine*, 157 W.Va. 391, 201 S.E.2d 260 (1973) we held that "[u]pon a motion for a directed verdict, all reasonable doubts and inferences should be resolved in favor of the party against whom the verdict is asked to be directed." *See* Syl. Pt. 1, *Lambert v. Goodman*, 147 W.Va. 513, 129 S.E.2d 138 (1963) ("When a motion is made for a directed verdict, the court should entertain every reasonable and legitimate inference favorable to the litigant opposing such motion fairly arising from the evidence, considered as a whole, and assume as true those facts which a jury might properly find under the evidence.").

■ At the close of the evidence the circuit court granted a directed verdict for the plaintiffs. The circuit court found that the evidence established personal liability by showing that Mr. Lill "knowingly" permitted the company to violate the state's Wage Payment and Collection Act. We held in syllabus point 1 of *Mullins v. Venable*, 171 W.Va. 92, 297 S.E.2d 866 (1982) that

[a]n officer in the management of a corporation who knowingly permits the corporation to violate the provisions of the Wage Payment and Collection Act, W.Va.Code Secs. 21–5–1 through 21–5–16 (1981 Replacement Vol.), may be held personally liable for unpaid wages, fringe benefits,

---

9. In *Pasquale* a widow brought a wrongful death suit against her deceased spouse's employer, a maintenance contractor, and a power company for which her spouse's employer performed services. The issue we confronted in that case involved the lower court's finding that the maintenance company did not have to indemnify the power company for any judgment obtained by the widow. In *Ground Breakers* the issue involved an independent contractor's agreement with the city of Buckhannon to perform certain street construction. The contractor sought to recover unexpected cost overruns. The question which united *Pasquale* and *Ground Breakers* was

whether construction contracts could be modified by conduct of the parties. In syllabus point 1 of *Pasquale* and syllabus point 1 of *Ground Breakers* we held:

Ordinarily, where a construction contract contains language to the effect that its terms cannot be changed without the written consent of the parties thereto, then such written consent is required unless this condition is waived by the parties by their conduct or through circumstances that justify avoiding the requirement.

The above syllabus point has no application to W.Va.Code § 21–5–10.

and liquidated damages under W.Va.Code Sec. 21–5–4.

Mr. Lill contends on appeal that the circuit court should have allowed the jury to decide whether he knowingly permitted the company to fail to pay the plaintiffs their raises. He contends that because the company did not have funds with which to pay the raises to plaintiffs, such evidence could have been interpreted by the jury to mean that he did not act knowingly.

The position taken by Mr. Lill is not supported by the evidence proffered at the trial. During the plaintiffs' case-in-chief they conclusively established that annual raises were made a part of the terms of their employment. Mr. Lill offered no evidence to rebut this, and in fact conceded that issue. The plaintiffs also conclusively established that they never received annual raises during their employment. Mr. Lill also failed to proffer evidence to contradict this issue, and in fact conceded the matter. During Mr. Lill's case-in-chief he called only one witness—himself. Mr. Lill testified that he knew the plaintiffs were not paid their raises. Mr. Lill testified the reason that plaintiffs were not paid their raises was because the company did not have funds to make the payments.

■ In viewing the evidence most favorably to Mr. Lill, we have no doubt that the only reasonable verdict resulting from the evidence was that he knowingly permitted the company to fail to pay the raises. We indicated in *Mullins*, 171 W.Va. at 95 n. 2, 297 S.E.2d at 870 n. 2, that, within the context of the Wage Payment and Collection Act, the term "knowingly permits" means "to allow with personal information or allow by virtue of a position in which the person should have known."[10] (Internal quotations and citation omitted). Mr. Lill, however, seeks to give the term a definition that is akin to "intentionally permitting." We noted in *Amick v. C & T Development Co., Inc.*, 187 W.Va. 115, 118, 416 S.E.2d 73, 76 (1992) that "generally the words of a statute are to be given their ordinary and familiar significance and meaning[.]" (Citing *State v. General Daniel Morgan Post No. 548, Veterans of Foreign Wars*, 144 W.Va. 137, 107 S.E.2d 353 (1959)). Mr. Lill's own testimony established that he knew the company did not pay the plaintiffs their raises. There was nothing left to submit to a jury. The purported defense offered by Mr. Lill would have, in effect, asked the jury to decide whether he "intentionally" permitted the company to fail to pay the plaintiffs. The plaintiffs were not required to prove Mr. Lill acted "intentionally." The *mens rea* was "knowingly." Therefore, we see no reason to disturb the circuit court's ruling directing a verdict against Mr. Lill and in favor of the plaintiffs.

### III.

### CONCLUSION

Based upon the foregoing, the circuit court's order granting summary judgment and a directed verdict to the plaintiffs is affirmed.

Affirmed.

---

**10.** *See* Syl. Pt. 1, *State v. Wyatt*, 198 W.Va. 530, 482 S.E.2d 147 (1996) ("A person acts knowingly with respect to a material element of an offense when: (1) if the element involves the nature of his conduct or the attendant circumstances, he is aware that his conduct is of that nature or that such circumstances exist; and (2) if the element involves a result of his conduct, he is aware that it is practically certain that his conduct will cause such a result.").