700 S.E.2d 532

**James E. BEICHLER, Plaintiff Below, Appellant**

v.

**WEST VIRGINIA UNIVERSITY AT PARKERSBURG, Defendant Below, Appellee.**

**No. 35435.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 7, 2010.

Decided Sept. 16, 2010.

Walt Auvil, Esq., Rusen & Auvil, Parkersburg, WV, for Appellant.

Darrell V. McGraw, Jr., Esq., Attorney General, Jendonnae L. Houdyschell, Esq., Senior Assistant Attorney General, Charleston, WV, for Appellee.

Lonnie C. Simmons, Esq., DiTrapano, Barrett & DiPiero, Charleston, WV, for Amicus Curiae West Virginia Employment Lawyers Association.

KETCHUM, Justice:

This action is before this Court upon the appeal of James E. Beichler from the March 4, 2009, order of the Circuit Court of Kanawha County dismissing his complaint in a wage payment and collection matter. The complaint sought unpaid wages and liquidated damages for certain teaching services allegedly performed by Beichler during his employment with the appellee, West Virginia University at Parkersburg. The complaint additionally demanded costs and attorney fees. Pursuant to the March 4, 2009, order, the complaint was dismissed upon the Circuit Court's determination that Beichler failed to exhaust available administrative remedies prior to filing his complaint in the Circuit Court. The complaint was also dismissed because the Circuit Court determined that Beichler's claims against the University are barred by the sovereign immunity provision set forth in article VI, section 35, of the Constitution of West Virginia which states, in part, that the State "shall never be made defendant in any court of law or equity[.]"

This Court concludes that the current statutory scheme found in the West Virginia Wage Payment and Collection Act, *W.Va. Code*, 21–5–1 (1987), *et seq.*, expressly allows a plaintiff, such as Beichler, to file an action concerning wages directly in circuit court without first having to exhaust available administrative remedies. Moreover, this Court concludes that the action filed by Beichler is not barred by the immunity provisions of W.Va. Const. art. VI, § 35. The Circuit Court's order of March 4, 2009, is reversed, and this action is remanded to that Court for further proceedings.

### I.

### Factual Background

James E. Beichler began working for West Virginia University at Parkersburg in August 2001 in the physics department. Hired ini-

tially as an assistant professor, he later became a tenure track associate professor. The University is a State agency providing services in the field of higher education. *See,* *W.Va.Code,* 18B–2A–1(b) (2009) (West Virginia University at Parkersburg is included among the State's institutions of higher learning).

During his employment, Beichler entered into a number of discretionary contracts with the University for the providing of teaching services beyond his regular teaching duties. The contracts, known as Faculty Overload Contracts, provided a means for professors at the University to earn additional compensation.

By letter dated May 15, 2007, from the Campus President, Beichler was informed that he was denied tenure and that he would be issued a one year termination contract for the 2007–2008 academic year. Beichler's last day would be May 17, 2008. According to the letter, his termination was based on a declining enrollment in physics classes at the University.

## II.

### Procedural Background

Nothing in the record before this Court indicates that Beichler filed a grievance challenging his termination or instituted any other proceedings in that regard. However, on November 5, 2008, Beichler filed an original action in the Circuit Court of Kanawha County alleging that the University, in various instances, failed to pay him for his additional teaching services under the Faculty Overload Contracts. The complaint was grounded on the West Virginia Wage Payment and Collection Act, *W.Va.Code,* 21–5–1 (1987), *et seq.* The complaint sought unpaid wages and liquidated damages for violations of the Act. *See, W.Va.Code,* 21–5–4(e) (2006) (providing for liquidated damages for the failure to pay wages). In addition, the complaint demanded costs and attorney fees. *See, W.Va.Code,* 21–5–12(b) (1975) (authorizing the assessment of costs and reasonable attorney fees).

Beichler did not pursue available administrative remedies provided by the Wage Payment and Collection Act for the recovery of unpaid wages before he instituted the action in Circuit Court.

The University filed a motion to dismiss the complaint, alleging, *inter alia,* that Beichler's action was precluded by his failure to pursue administrative remedies and that the action is barred by the sovereign immunity provisions of W.Va. Const. art. VI, § 35. A hearing was conducted by the Circuit Court, and the motion was granted pursuant to the order of March 4, 2009. The Circuit Court determined that, inasmuch as Beichler failed to pursue and exhaust available administrative remedies concerning his claims for unpaid wages, the Court lacked jurisdiction to allow him to proceed. Moreover, the Circuit Court concluded that West Virginia University at Parkersburg, as one of the State agencies to which the duty of providing higher education has been delegated, is entitled to immunity under W.Va. Const. art. VI, § 35, from Beichler's claims.

In January 2010, this Court granted Beichler's appeal from the March 4, 2009, order.

## III.

### Standard of Review

■ The motion of the University to dismiss the complaint, granted by the Circuit Court, was filed under Rule 12(b)(1), concerning lack of jurisdiction, and Rule 12(b)(6), concerning the failure to state a claim, of the *West Virginia Rules of Civil Procedure.* Thus, this Court's review of the ruling of the Circuit Court is *de novo.* Syllabus point 2 of *State ex rel. McGraw v. Scott Runyan Pontiac–Buick,* 194 W.Va. 770, 461 S.E.2d 516 (1995), holds: "Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo.*" Syl. pt. 1, *Lontz v. Tharp,* 220 W.Va. 282, 647 S.E.2d 718 (2007); syl. pt. 1, *Rhododendron Furniture & Design v. Marshall,* 214 W.Va. 463, 590 S.E.2d 656 (2003). *See also,* Cleckley, Davis and Palmer, *Litigation Handbook on West Virginia Rules of Civil Procedure* § 12(b) (3d ed.2008) (confirming that appellate review of an order granting a motion to dismiss is *de novo* ).

■ The *de novo* standard is particularly applicable in this matter insofar as the order of March 4, 2009, raises two purely legal issues: (1) whether appellant Beichler filed his wage and payment collection claims in the correct forum by instituting an action in the Circuit Court in the first instance, and (2) whether his claims are, nevertheless, barred by constitutional immunity. As syllabus point 2 of *State ex rel. Orlofske v. City of Wheeling*, 212 W.Va. 538, 575 S.E.2d 148 (2002), observes: " 'Where the issue on an appeal from the circuit court is clearly a question of law ... we apply a *de novo* standard of review' Syllabus point 1, in part, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995)."

# IV.

## Discussion

### A.

**The Wage Payment and Collection Claim**

■ Beichler contends that the Circuit Court committed error in dismissing the complaint upon the determination that he should have pursued and exhausted available administrative remedies prior to filing the action. Beichler seeks an exception to the well-settled principle set forth in syllabus point 1 of *Daurelle v. Traders Federal Savings and Loan Association*, 143 W.Va. 674, 104 S.E.2d 320 (1958): "The general rule is that where an administrative remedy is provided by statute or by rules and regulations having the force and effect of law, relief must be sought from the administrative body, and such remedy must be exhausted before the courts will act." *See also*, syl. pt. 2, *Sturm v. Board of Education of Kanawha County*, 223 W.Va. 277, 672 S.E.2d 606 (2008).

The West Virginia Wage Payment and Collection Act includes administrative remedies available to employees who wish to file a claim for unpaid wages. In *W.Va.Code*, 21–5–11(b) (1975), the Commissioner of the Division of Labor is authorized, among other things, to issue subpoenas and compel the attendance of witnesses in proceedings under the Act. Specifically, in *McDaniel v. West Virginia Division of Labor*, 214 W.Va. 719, 591 S.E.2d 277 (2003), this Court observed that the administrative proceedings in a wage payment and collection matter include an investigation, an initial meeting with the parties, a hearing before a hearing examiner and the entry of an order appealable to circuit court. Moreover, proceedings under the Act are subject to the provisions of the State Administrative Procedures Act, *W.Va. Code*, 29A–1–1 (1982), *et seq.*, and the Code of State Regulations: § 42–5–1 (1990), *et seq.*, and § 42–20–1 (1992), *et seq. See*, *McDaniel*, *supra*, and *Isaacs v. Bonner*, 225 W.Va. 460, 463 n. 1, 694 S.E.2d 302, 305 n. 1 (2010).

The above remedies notwithstanding, Beichler asserts that the Wage Payment and Collection Act contemplates, rather than precludes, an initial circuit court action. Thus, Beichler suggests that, as a result of the Act's express language, an employee pursuing a claim for unpaid wages has the option of filing the claim administratively or filing an original complaint in circuit court.

In so contending, Beichler relies on *W.Va. Code*, 21–5–12(a) (1975), of the Act which provides:

Any person whose wages have not been paid in accord with this article, or the commissioner or his designated representative, upon the request of such person, *may bring any legal action necessary* to collect a claim under this article. With the consent of the employee, the commissioner shall have the power to settle and adjust any claim to the same extent as might the employee. (emphasis added)

Beichler argues that if the West Virginia Legislature, in drafting that section, had intended that claimants be required to exhaust administrative remedies prior to filing an action against an employer for unpaid wages, the Legislature could have so provided.

This Court finds Beichler's position in this matter persuasive. In clear and unambiguous language, *W.Va.Code*, 21–5–12(a) (1975), states that "any person," or the Commissioner, may bring "any legal action" necessary to collect a claim under the Act. Thus, in *Britner v. Medical Security Card, Inc.*, 200 W.Va. 352, 489 S.E.2d 734 (1997), this Court upheld the recovery by employees of annual raises in a wage payment action filed directly

in circuit court. *See also, Mullins v. Venable,* 171 W.Va. 92, 297 S.E.2d 866 (1982) (also a wage payment action filed directly in circuit court, confirming the principle that a corporate officer may be held personally liable for violations of the Act and remanding the action to the circuit court for trial).

▄▄Syllabus point 5 of *State v. General Daniel Morgan Post No. 548,* 144 W.Va. 137, 107 S.E.2d 353 (1959), holds: "When a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute." Syl. pt. 3, *Skidmore v. Skidmore,* 225 W.Va. 235, 691 S.E.2d 830 (2010). Supplementary to that rule is the recognition by this Court that, generally, the words of a statute are to be given their ordinary and familiar significance and meaning. *Britner,* 200 W.Va. at 356, 489 S.E.2d at 738; *Amick v. C & T Development Co.,* 187 W.Va. 115, 118, 416 S.E.2d 73, 76 (1992). *See also, Huffman v. Goals Coal Company,* 223 W.Va. 724, 729, 679 S.E.2d 323, 328 (2009) (It is not for this Court to read into a statute that which it does not say).

In *Mullins, supra,* this Court made clear that the Wage Payment and Collection Act "is remedial legislation designed to protect working people and assist them in the collection of compensation wrongly withheld." 171 W.Va. at 94, 297 S.E.2d at 869. Syl. pt. 2, *Ingram v. City of Princeton,* 208 W.Va. 352, 540 S.E.2d 569 (2000). Accordingly, this Court holds that, pursuant to *W.Va.Code,* 21–5–12(a) (1975), a person whose wages have not been paid in accord with the West Virginia Wage Payment and Collection Act may initiate a claim for the unpaid wages either through the administrative remedies provided under the Act or by filing a complaint for the unpaid wages directly in circuit court. Thus, until *W.Va.Code,* 21–5–12(a) (1975), is amended by the Legislature, the pursuit and exhaustion of administrative remedies do not constitute a condition precedent to instituting a wage payment action in circuit court. *Cf.,* syl. pt. 1, *Price v. Boone County Ambulance Authority,* 175 W.Va. 676, 337 S.E.2d 913 (1985) ("A plaintiff may, as an alternative to filing a complaint with the Human Rights Commission, initiate an action in circuit court to enforce rights granted by the West Virginia Human Rights Act.").

### B.

### Constitutional Sovereign Immunity

▄▄Beichler's action is not barred by the constitutional immunity provisions found in W.Va. Const. art. VI, § 35, which states, in part, that the State "shall never be made defendant in any court of law or equity[.]" As indicated above, Beichler's underlying claim is that he was not fully compensated for his teaching services. His action involves accounting issues concerning alleged unpaid wages, a matter squarely within the scope and reach of the Wage Payment and Collection Act.

▄▄In *Gribben v. Kirk,* 195 W.Va. 488, 493, 466 S.E.2d 147, 152 (1995), this Court observed that "appellate courts review questions involving principles of sovereign immunity *de novo.*" In the *Gribben* opinion, this Court restated the principle that "the sovereign immunity doctrine is not implicated in the context of employee relations where the State, acting through its agents, as an employer, has unlawfully withheld all or a part of an employee's salary[.]" 195 W.Va. at 495, 466 S.E.2d at 154. *See also, American Federation of State, County and Municipal Employees v. CSC of W.Va.,* 176 W.Va. 73, 79, 341 S.E.2d 693, 699 (1985). As this Court explained in *Ingram, supra:*

> Accordingly, we do not hesitate to find that the Legislature did not intend to bind private employers to certain wage payment and collection guidelines designed to protect workers, yet exclude State and political subdivision workers from such protections. Rather, we conclude that the Legislature intended its statutory wage payment and collection guidelines to apply to both governmental and nongovernmental employers alike.

208 W.Va. at 356, 540 S.E.2d at 573.

It follows from *Gribben* and *Ingram,* and this Court now holds, that article VI, § 35, of the Constitution of West Virginia, concerning this State's sovereign immunity, does not bar

the claim of a State employee for unpaid wages asserted under the West Virginia Wage Payment and Collection Act, *W.Va. Code*, 21–5–1 (1987), *et seq.*, whether the claim is initiated through the administrative remedies provided under the Wage Payment and Collection Act or initiated by filing a complaint for the unpaid wages directly in circuit court. *See, Gribben, supra*, 195 W.Va. at 496, 466 S.E.2d at 155 (indicating that article VI, § 35, is not implicated where a State employee, hired on particular terms and entitled to be paid according to certain criteria, seeks to collect such an "obvious legal debt").

## V.

### Conclusion

For the reasons set forth above, Beichler was entitled to file an action for the alleged unpaid wages directly in the Circuit Court without having to pursue and exhaust available administrative remedies. Moreover, Beichler's action is not barred by the sovereign immunity provisions of W.Va. Const. art. VI, § 35. Consequently, the March 4, 2009, order of the Circuit Court of Kanawha County is reversed, and this action is remanded to that Court for further proceedings.

Reversed and Remanded