**FILED**

**April 25, 2022**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 21-0004 – *Diane Sigismondi Judy v. Eastern West Virginia Community and Technical College*

Chief Justice Hutchison, concurring:

I concur with the majority's opinion and its assessment that qualified immunity does not bar the plaintiff's action in this case. Also, contrary to the separate opinion of my partially dissenting colleague, I find no fault in the majority opinion's determination that the plaintiff's pleading meets any "heightened pleading" standards that exist. The "heightened pleading" standard simply ensures that the government agency or agent is fully apprised of the allegations raised by the plaintiff. The standard is not a total bar to suit, but rather an admonition that circuit courts should use their supervisory powers to coax a plaintiff to file some paper or pleading that shows the plaintiff intends to offer proof that can overcome a qualified immunity defense, if the government or agent has chosen to assert that affirmative defense. The plaintiff met that burden and offered the required proof.

I write separately because I believe that the plaintiff's attorneys should have made a much simpler argument to the circuit court: any qualified immunity defense was waived by the State when it adopted the Human Rights Act (W. Va. Code §§ 5-11-1 to -20). The plaintiff's attorneys missed the mark entirely by buying in to, and trying to rebut, the state college's assertion of qualified immunity. Through passage of the Human Rights

1

Act, the Legislature has waived any argument that the State and its subdivisions have any immunity, qualified or otherwise, for violations of the Act.

I see the instant case as being analogous to the panoply of cases this Court has issued holding that the State and its subdivisions have waived any immunity when a government employee asserts a claim for unpaid wages under the Wage Payment and Collection Act (W. Va. Code §§ 21-5-1 to -18).[1] Pretty much every case we have issued since the mid-1980s has said no immunity applies to wage claims. *See*, *e.g.*, *McCarty v. Harless*, 181 W. Va. 719, 384 S.E.2d 164 (1989) (overtime pay for deputy sheriffs); *Gribben v. Kirk*, 195 W. Va. 488, 466 S.E.2d 147 (1995) (unpaid overtime pay for State Troopers); *Ingram v. City of Princeton*, 208 W. Va. 352, 540 S.E.2d 569 (2000) (unpaid sick leave for a city police officer); *Beichler v. W. Va. Univ. at Parkersburg*, 226 W. Va. 321, 700 S.E.2d 532 (2010) (wages for a state university professor); *Davari v. W. Va. Univ.*

---

[1] This Court has found the State and its subdivisions are not immune in numerous contexts. For instance, the State is not immune in actions seeking writs of mandamus, prohibition, habeas corpus, declaratory judgments, or injunctive relief. *Gribben v. Kirk*, 195 W. Va. 488, 493, 466 S.E.2d 147, 152 (1995). The State is not immune from actions challenging the constitutionality of a statute. *Coal & Coke Ry. Co. v. Conley*, 67 W. Va. 129, 67 S.E. 613 (1910). Cities, counties, and school boards are "liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by an act or omission of the political subdivision or of any of its employees" because of the Legislature's passage of the Governmental Tort Claims and Insurance Reform Act, § 29-12A-1. This Court has found that governmental corporations are not immune. *Tompkins v. Kanawha Bd.*, 19 W. Va. 257 (1881). And the State and its subdivisions are not immune for damage to property or inverse condemnation. *See*, *e.g.*, *Hope Nat. Gas Co. v. W. Va. Tpk. Comm'n*, 143 W. Va. 913, 105 S.E.2d 630 (1958); *W. Va. Lottery v. A-1 Amusement, Inc.*, 240 W. Va. 89, 807 S.E.2d 760 (2017).

*Bd. of Governors*, 245 W. Va. 95, 857 S.E.2d 435 (2021) (supplemental wages for professor serving as a university research center director).

Our current qualified immunity jurisprudence says that "[a] public officer is entitled to qualified immunity for discretionary acts, even if committed negligently." *Maston v. Wagner*, 236 W. Va. 488, 500, 781 S.E.2d 936, 948 (2015). However, government employers cannot "exercise discretion" and withhold the wages of government employees. Through passage of the Wage Payment and Collection Act, the Legislature has said the State and its subdivisions must timely pay wages to employees and, hence, cannot assert qualified immunity as a defense to the nonpayment of wages.

Moreover, "[i]t is always presumed that the legislature will not enact a meaningless or useless statute." Syl. pt. 4, *State ex rel. Hardesty v. Aracoma - Chief Logan No. 4523, Veterans of Foreign Wars of U.S., Inc.*, 147 W. Va. 645, 129 S.E.2d 921 (1963). In the Human Rights Act, the Legislature declared that employers subject to the dictates of the Act include "the state, or any political subdivision thereof[.]" W. Va. Code § 5-11-3(d) (1998). It makes no sense to say that the Legislature passed a statute declaring the State and its subdivisions can be liable for discretionary, discriminatory employment decisions, but then allow the State to simultaneously claim it was entitled to qualified immunity for exercising that discretion. Applying qualified immunity to discriminatory actions by public officers would render the Human Rights Act meaningless and useless. Accordingly, it is clear that the Legislature tacitly waived any claim to qualified immunity.

In sum, qualified immunity has no place in an action where a government employer is sued for discrimination under the Human Rights Act.